PEOPLE v ESSA

Docket No. 78963. Submitted February 12, 1985, at Detroit.—Decided October 8, 1985. Leave to appeal denied, 424 Mich 891.

Younis M. Essa was charged with arson. At the preliminary examination in the 36th District Court, defendant moved to suppress evidence relating to a search of his premises which had been made by an arson investigator about an hour and a half after the firemen had extinguished the fire and left and which had been made without benefit of a search warrant and without notifying defendant. The examining magistrate, Longworth D. Quinn, J., granted the motion, and, after hearing further testimony, determined that a second search of the premises which had been made with defendant's consent was derivative from the first illegal search, suppressed evidence relative to the second search, and dismissed the complaint and warrant. The people appealed. The Recorder's Court of Detroit, Evelyn K. Cooper, J., affirmed the district court's disposition. The people, by leave granted, appealed to the Court of Appeals. *Held:*

While the first search was unlawful and the fruits of that search must be suppressed as evidence, it was error to suppress evidence secured during the second search, since that search was made pursuant to the defendant's voluntary consent and there is no allegation or proof that defendant's consent was coerced.

Reversed and remanded.

SEARCHES AND SEIZURES — ARSON — NOTICE — CONSENT.

The fruits of a search by an arson investigator of a premises made after the fire is extinguished and after the original firemen have left the premises, where the search is conducted without a search warrant and without fair notice to the owners of the premises, must be suppressed as evidence as the fruits of an unlawful search; however, the fruits of a subsequent search

REFERENCES FOR POINTS IN HEADNOTE
Am Jur 2d, Searches and Seziures §§ 46-53, 56, 68, 102.
Admissibility, in criminal case of evidence discovered by warrantless search in connection with fire investigation—post-Tyler cases. 31 ALR4th 194.

conducted with the consent of the owners need not be suppressed as evidence where there is no claim that the consent for the second search was not voluntarily given.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Thomas A. Howard,* for defendant.

Before: J. H. GILLIS, P.J., and HOOD and R. M. DANIELS,* JJ.

PER CURIAM. The people appeal by leave granted from an order of the trial court affirming the order of the examining magistrate granting defendant's motion to suppress certain physical evidence on the ground that it was the product of an unlawful search.

The house of defendant and his family at 8858 Rathbone, Detroit, burst into flames at about 6:20 p.m., November 27, 1983. The fire department responded within minutes and put out the fire in a few minutes. Firemen alerted the arson investigators of possible arson, and left the premises. About one and one half hours after the firemen left, an arson investigation officer, Lt. William Peck, entered the house without a warrant and conducted a search. The next day, Lt. Peck returned when defendant and his wife were present. He advised defendant of his *Miranda*[1] rights and requested permission to search the premises. Defendant signed a consent form and consented to a search. Peck did not inform defendant that he had searched the house the previous evening.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

Defendant was charged with arson. At the preliminary examination, during testimony by Lt. Peck, defendant moved to suppress the results of the first search by Peck. The district court judge granted the motion. After further testimony from Peck, the district court judge found that the second search was derivative from the first illegal search, suppressed the results of that search, and dismissed the complaint and warrant.

The people appealed, and the Recorder's Court judge affirmed, reasoning that "the second search conducted with the consent of defendant, such consent made without knowledge or notice of a prior illegal search on the part of the arson investigator, was no more than an exploitation of prior unlawful conduct on the part of the government".

We agree that fruits of the initial entry must be suppressed, but hold that the evidence gathered in the second search, pursuant to defendant's consent, was not a fruit of the initial illegal search.

In *Michigan v Tyler,* 436 US 499; 98 S Ct 1942; 56 L Ed 2d 486 (1978), the United States Supreme Court held that fire officials need no warrant to remain in a building for a reasonable time after the fire has been extinguished to investigate the cause of a blaze in the building and that, since the entry without a warrant of firemen to put out the fire and to determine its cause is constitutional under the Fourth Amendment, the seizure without a warrant of evidence found while inspecting the premises for such purposes also is constitutional. The Court held that no warrant was required for the re-entry of fire officials, at 8 and 9 a.m., shortly after daylight, into a building that had been the scene of a fire earlier in the morning. Those re-entries occurred after the officials ended their initial entry for investigatory purposes at 4 a.m. because their visibility was severely hindered by

darkness, steam, and smoke. Under such circumstances, the Court held that the re-entries were no more than an actual continuation of the first entry, and the lack of a warrant during those re-entries did not invalidate the seizure of evidence resulting from such re-entries.

In *Michigan v Clifford,* 464 US 287; 104 S Ct 641; 78 L Ed 2d 477 (1984), a 4-1-4 decision of the Court, five justices agreed that, when fire investigators conducted a search without a warrant of a home after the fire was extinguished and after the original firemen had left the premises, they violated the homeowner's rights under the Fourth and Fourteenth Amendments. Justice Stevens concurred, stating that *Tyler* required such a result, but reiterated his opinion as stated in *Tyler, supra,* 436 US 512-514, that absent probable cause that a crime had been committed, which would require a warrant, the Fourth Amendment neither requires nor sanctions forcible, nonconsensual entry, but rather requires reasonable advance notice to the homeowner of the entry to meet that amendment's "reasonableness" requirement.

Plaintiff would have us hold that the initial nonconsensual search without a warrant in the instant case was reasonable because five justices in *Clifford,* including Justice Stevens, would require no warrant if investigators entered the premises within a reasonable period of time after extinguishment of the fire, and because notice, as required by Justice Stevens, would have been futile in the circumstances of this case. Initially, we note that, while that may be a reasonable prediction of the outcome should the present Supreme Court hear this case, that is not the state of the law as announced in *Tyler* and *Clifford, supra.* Secondly, disposing of the notice requirement when it would be futile to give notice is not the test proposed by

Justice Stevens. The test proposed by Justice Stevens is as follows: "[A] nonexigent, forceful, warrantless entry cannot be reasonable unless the investigator had made some effort to give the owner sufficient notice to be present while the investigation is made." *Clifford, supra,* 464 US 304. He concluded by writing that "the search in this case was unreasonable in contravention of the Fourth Amendment because the investigators made no effort to provide fair notice of the inspection to the owners of the premises". *Id.* As in *Clifford,* the investigators herein made no effort to provide defendant with fair notice of the inspection of the premises. Additionally, we note that it is not at all clear that such efforts would have been futile. Testimony by a neighbor of defendant at the preliminary examination revealed that while the fire investigators were in the house defendant drove up, sat in the auto for a few seonds, and then drove off. This occurred a second time. On a third occasion, after the investigators had left, defendant and his wife got out of the car and looked in the house for a moment, and then left.

Although we agree with the trial court that the initial entry without a warrant was unreasonable, we cannot agree that the evidence seized the following day, following defendant's consent to the search, must be excluded as fruits of the poisonous tree.

We acknowledge that the "fruit of the poisonous tree" doctrine, explained at length in *Wong Sun v United States,* 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963), serves to exclude as evidence not only the direct products but also the indirect products of Fourth Amendment violations. The proper question is " 'whether, granting establishment of the primary illegality, the evidence to which instant

objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint' ". *Wong Sun, supra,* 371 US 488, quoting from Maguire, Evidence of Guilt (1959), p 221.

When it has been established that there was an illegal seizure, the state "has the ultimate burden of persuasion to show that its evidence is untainted [b]ut at the same time [the defendant] * * * must go forward with specific evidence demonstrating taint". *Alderman v United State,* 394 US 165, 183; 89 S Ct 961; 22 L Ed 2d 176 (1969).

Consent by a defendant, if "sufficiently an act of free will" to purge the primary taint of the unlawful search or seizure, may produce the requisite degree of attenuation. *Wong Sun, supra,* 371 US 486.

Defendant does not claim that his actions were the result of psychological coercion or anything other than an intervening act of free will on his part. Had defendant's consent been pursuant to Peck's revelation of evidence gathered the previous evening, our holding might be different. However, we cannot agree with the lower court's determination that Peck's failure to inform defendant of the search the previous evening tainted defendant's consent. See, *e.g., Schneckloth v Bustamonte,* 412 US 218; 93 S Ct 2041; 36 L Ed 2d 854 (1973). Because defendant makes no claim that his consent was not voluntary, the fact that Peck might not have requested the consent had he not made the search the previous evening does not by itself taint the evidence obtained pursuant to defendant's consent.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.