No. 85–1514.   MICHIGAN *v.* ESSA.   Ct. App. Mich.   Certiorari denied.

CHIEF JUSTICE BURGER, with whom JUSTICE O'CONNOR joins, dissenting.

Respondent's home began to burn at about 6:20 p.m. on November 27, 1983.   Within a short time the fire department responded, extinguished the fire, and departed.   An hour and 20 minutes later an arson investigator of the city entered the home to conduct an investigation as to the cause.   The Michigan Court of Appeals held that this was a search without a warrant which violated the Fourth Amendment.   146 Mich. App. 315, 380 N. W. 2d 96 (1985).   That court relied on the concurrence in *Michigan* v. *Clifford*, 464 U. S. 287, 299 (1984) (STEVENS, J., concurring in judgment), since the inspector gave respondent no notice of the inspection.

In *Michigan* v. *Tyler*, 436 U. S. 499 (1978), we held that the Fourth Amendment was not violated when investigators returned to the scene of a building fire the morning after a fire in order to

continue a warrantless search which had commenced immediately following the fire the night before, but which could not be completed because of darkness, steam, and smoke. We reasoned that "the morning entries were no more than an actual continuation of the first." *Id.*, at 511.

*Clifford* involved a warrantless search following reentry of a home six hours after a fire had been extinguished. We granted certiorari in that case "to clarify doubt that appears to exist as to the application of our decision in *Tyler.*" 464 U. S., at 289. Our effort at clarification, however, proved illusive. A plurality held that an administrative warrant was required for a nonconsensual reentry onto fire-damaged premises. *Id.*, at 291–292 (opinion of POWELL, J.). JUSTICE STEVENS, writing separately, held that a postfire warrantless entry would be reasonable so long as "the inspector either had given the owner sufficient advance notice to enable him or an agent to be present, or had made a reasonable effort to do so." *Id.*, at 303 (footnote omitted). JUSTICE REHNQUIST's dissent for four Members of the Court pointed out that these opinions, "far from clarifying the doubtful aspects of *Tyler*, sow[ed] confusion broadside." *Id.*, at 306.

This case provides another opportunity for the Court to clarify the confusion arising out of the opinions in *Tyler.* Local authorities need direction for their fire inspectors, who are presently left with no clear guidance for conducting important and oft-occurring arson inspections in the wake of *Clifford*'s divided reasoning. Such inspections must be conducted promptly before vandals or weather conditions blur or destroy relevant evidence. I would grant the State's petition for certiorari and set the case for argument.