PEOPLE v JOHNSON

Docket No. 89246. Submitted February 11, 1987, at Lansing. Decided
July 6, 1987. Leave to appeal applied for.

John R. Johnson, originally charged with second-degree criminal
sexual conduct, was convicted of assault and battery following a
jury trial in Washtenaw Circuit Court, Ross W. Campbell, J.
Defendant appealed, claiming error in the trial court's denial of
his motion to suppress evidence consisting of three photographs
of defendant taken by the police pursuant to a search warrant
to seize "the person of John Robert Johnson, also known as
Edward Woods" and the resulting identification of defendant by
the ten-year-old victim in a photographic lineup.

The Court of Appeals *held:*

1. The search warrant was issued for an improper purpose
and is therefore invalid. There is no nexus between a photo-
graph that is obtained for use in a photographic lineup and
criminal behavior which would make the photographs of defen-
dant subject to seizure nor are the photographs in this case
"evidence of crime or criminal conduct" as contemplated in
MCL 780.652; MSA 28.1259(2), the statute which specifies prop-
erty, things and persons for which a search warrant may issue.

2. The trial court erred in ruling that the disputed evidence
was admissible under the inevitable discovery rule since the
prosecution had not established by a preponderance of the
evidence that the information ultimately or inevitably would

REFERENCES

Am Jur 2d, Evidence § 408 *et seq.*

Am Jur 2d, Searches and Seizures §§ 84 *et seq.*, 112, 113.

Admissibility of evidence obtained by illegal search and seizure—
Supreme Court cases. 6 L Ed 2d 1544.

What circumstances fall within "inevitable discovery" exception to
rule precluding admission, in criminal case, of evidence obtained
in violation of Federal Constitution. 81 ALR Fed 331.

Comment Note.—"Fruit of the poisonous tree" doctrine excluding
evidence derived from information gained in illegal search. 43
ALR3d 385.

Comment Note.—Federal Constitution as affecting admissibility of
evidence obtained by illegal search and seizure. 84 ALR2d 959.

have been discovered by lawful means, i.e., that defendant would have been photographed in a public place.

Reversed.

1. SEARCHES AND SEIZURES — SEARCH WARRANTS — PHOTOGRAPHIC LINEUPS — CORPOREAL LINEUPS.

A search warrant is invalidly issued where the purpose of the warrant is to compel a suspect to be photographed or to appear in a corporeal lineup for identification purposes (MCL 780.652; MSA 28.1259[2]).

2. EVIDENCE — CONSTITUTIONAL LAW — INEVITABLE DISCOVERY.

Evidence obtained in violation of a constitutional provision could still be admitted in a criminal trial if the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

*McCoy & McDaniel* (by *Timothy E. McDaniel*), for defendant on appeal.

Before: HOOD, P.J., and MACKENZIE and R. M. PAJTAS,* JJ.

PER CURIAM. Defendant was charged with second-degree criminal sexual conduct, MCL 750.520(c)(1)(a); MSA 28.788(3)(1)(a). Following a jury trial in the Washtenaw Circuit Court, defendant was convicted of assault and battery, MCL 750.81; MSA 28.276. Defendant was sentenced to serve ninety days in the Washtenaw County Jail and was given credit for forty-five days served. Defendant appeals as of right.

The charge stemmed from an incident which occurred April 27, 1984, at a Meijer's Thrifty Acre

---

* Circuit judge, sitting on the Court of Appeals by assignment.

store in Pittsfield Township. According to the victim, a ten-year-old girl, she went to Meijer's with her mother and brother on that date. She wandered off to the shoe repair shop and was looking at pins, when defendant came up behind her and placed his hand on her lower right buttock. When she turned around, defendant laughed and walked away. The victim told her mother, who contacted store security. The security officer saw defendant entering a parked station wagon and took down the license plate number. A check with the Secretary of State revealed that the car was registered to Dorothy Ward who lived in a trailer park in Ypsilanti Township. The manager of the trailer park informed the police that a man fitting defendant's description resided on lot 186.

Detective Claude J. Jackson of the Pittsfield Township Police Department then contacted defendant and asked if he would submit to a lineup or be willing to be photographed. Defendant refused. Jackson thereupon procured a search warrant to seize the "person of John Robert Johnson, also known as Edward Woods." The purpose of the search warrant was to either obtain a photograph of defendant or to have defendant physically come down to the police station and appear in a physical lineup. At first defendant refused to do either, but after Jackson told him he had to do one or the other, defendant submitted to the photograph. Jackson took three photographs of defendant and put together a photographic lineup. The lineup was shown to the victim, who identified defendant as the one who touched her. This evidence was admitted at defendant's trial.

Defendant moved twice before the trial to suppress the search warrant, the photographs, and any resulting identification. The trial court denied the motion, stating that even if it was not proper

to obtain a search warrant to photograph defendant, the police's action could be upheld under the inevitable discovery rule, since they could have photographed defendant in a public place.

On appeal, defendant claims that the trial court erred in denying his motion to quash the search warrant. We agree.

MCL 780.652; MSA 28.1259(2) states:

> A warrant may be issued to search for and seize any property or other thing which is either:
>
> (a) Stolen or embezzled in violation of any law of this state.
>
> (b) Designed and intended for use or which is or has been used as the means of committing a criminal offense.
>
> (c) Possessed, controlled or used wholly or partially in violation of any law of this state.
>
> (d) Evidence of crime or criminal conduct on the part of any person.
>
> (e) Contraband.
>
> (f) The bodies or persons of human beings or of animals, who may be the victims of a criminal offense.
>
> (g) The object of a search warrant under any other law of this state providing for the same. If a conflict exists between this act and any other search warrant law, this act shall be deemed controlling.

Defendant argues that a warrant to photograph a suspect or to compel him to submit to a lineup does not fall within any of the subsections of the statute. The people claim that the warrant was proper under subsection (d), contending that a search warrant to obtain a photograph for future use in a lineup is issued to obtain evidence of crime or criminal conduct on the part of the defendant. The prosecution draws an analogy to blood samples and fingerprints, stating that such

evidence also identifies perpetrators of a crime. The prosecution cites *People v Lovett,* 85 Mich App 534; 272 NW2d 126 (1978), in which samples of the defendant's blood, pubic hair, saliva, and semen incriminated the defendant since (1) pubic hairs were found on the victim's clothing, (2) a vaginal swab taken from the victim indicated that she had been raped by a person with type o blood, and (3) it had been determined that the victim had been raped by a secretor, and the saliva sample indicated whether the defendant was a secretor.

The evidence obtained in *Lovett* was incriminating and tended to identify the defendant, but it did not identify him in the "pure" sense of a pretrial lineup. In the instant case, the evidence seized with the search warrant was used solely to identify defendant, not to incriminate him. The case law cited by the prosecution does not support its contention that the photograph was evidence of a criminal activity. In abolishing the "mere evidence" rule, the United States Supreme Court stated that, in order for an item to be subject to seizure, there must be a nexus between the item and the criminal behavior. *Warden v Hayden,* 387 US 294, 306-307; 87 S Ct 1642; 18 L Ed 2d 782 (1967). There is no nexus between a photograph that is obtained for use in a photographic lineup and criminal behavior. Therefore, the search warrant was issued for an improper purpose and is invalid.

The trial court denied the motion to suppress on the ground that the inevitable discovery rule applied, stating that the police could have taken a photograph of defendant in a public place. The inevitable discovery rule was recognized by the United States Supreme Court in *Nix v Williams,* 467 US 431; 104 S Ct 2501; 81 L Ed 2d 377 (1984). In *Nix,* the Court held that evidence obtained in

violation of the Constitution could still be admitted at trial if the prosecution established by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means. *Nix,* 467 US 444. In the instant case, the prosecution offered no evidence that the police were making efforts to obtain defendant's photograph by means other than the search warrant. Thus, the inevitable discovery rule should not have been used to uphold the search warrant. The trial court should have granted defendant's motion to suppress the search warrant, and the subsequent identification should have been suppressed under the fruit of the poisonous tree doctrine. *People v Essa,* 146 Mich App 315, 319-320; 380 NW2d 96 (1985), lv den 424 Mich 892 (1986), cert den, — US —; 106 S Ct 3313; 92 L Ed 2d 726 (1986).

Defendant also claims that the trial court erred in denying his motion to quash the information on the ground that there was insufficient evidence at the preliminary examination for the magistrate to find that defendant touched the victim for the purpose of sexual arousal or gratification. This claim is rendered moot because defendant was actually convicted of the lesser offense of assault and battery and thus acquitted of second-degree criminal sexual conduct. *People v Blackburn,* 135 Mich App 509, 521; 354 NW2d 807 (1984), lv den 422 Mich 907 (1985), cert den, — US —; 106 S Ct 397; 88 L Ed 2d 41 (1985). In his appellate brief, defendant even acknowledges that the evidence supported a charge of assault and battery.

Because we hold that the search warrant was issued for an improper purpose under MCL 780.652(d); MSA 28.1259(2)(d) and that the trial court erred in denying defendant's motion to

quash the search warrant, the photographs, and the subsequent identification, defendant's conviction is reversed.

Reversed.