## PEOPLE v CALHOUN

Docket No. 101330. Submitted February 22, 1989, at Detroit. Decided July 18, 1989.

James Calhoun was convicted of second-degree murder and possession of a firearm during the commission of a felony following a bench trial in the Recorder's Court for the City of Detroit, Wendy Baxter, J. Defendant appealed alleging that he was denied a fair trial because the prosecution failed to indorse a known res gestae witness, the victim's sister, and because he did not receive effective assistance of counsel.

The Court of Appeals *held:*

1. Although a prosecutor is no longer required to indorse on the information the names of the res gestae witnesses known to him, he must list all res gestae witnesses known to him on an attachment to the information. The prosecutor failed to do so in this case.

2. The case is remanded for the trial court to determine (1) whether defendant knew prior to trial that the victim's sister was a possible res gestae witness, and, if not, (2) whether the victim's sister could have been located and produced at trial through reasonable efforts, and, if yes, (3) whether her absence at trial was prejudicial to defendant. If defendant knew of her possible res gestae status prior to trial and failed to seek assistance in locating her, defendant's convictions should be affirmed. If defendant did not know of her possible res gestae status, and she could have been located, defendant's convictions should still be affirmed unless her absence at trial was prejudicial. If her absence was prejudicial, defendant's convictions should be reversed.

3. Defendant was not denied effective assistance of counsel.

Remanded.

1. PROSECUTING ATTORNEYS — PLEADING — WITNESSES.

A prosecuting attorney must attach to the filed information a list

REFERENCES

Am Jur 2d, Criminal Law §§ 320, 748-753, 774.

Right of accused in state court to inspection or disclosure of evidence in possession of prosecution. 7 ALR3d 8.

of all witnesses known to the prosecuting attorney who might be called at trial and all res gestae witnesses known to the prosecuting attorney or investigating law enforcement officers; the prosecutor is no longer required to indorse on the information the names of the witnesses known to him (MCL 767.40, 767.40a[1]; MSA 28.980, 28.980[1][1]).

2. PROSECUTING ATTORNEYS — WITNESSES — RES GESTAE WITNESSES.

A prosecutor's duty to produce known res gestae witnesses has been replaced with an obligation to provide reasonable assistance to defendant in locating them, should the defendant request such assistance (MCL 767.40a[5]; MSA 28.980[1][5]).

3. APPEAL — WITNESSES — RES GESTAE WITNESSES.

The Court of Appeals may remand a case to the trial court where the prosecutor did not include a possible res gestae witness on a list of res gestae witnesses attached to the filed information for a determination whether the defendant knew prior to trial of the possible res gestae witness and, if not, whether the witness could have been located and produced at trial through reasonable efforts and, if yes, whether the absence of the witness was prejudicial to the defendant; if the defendant knew of the witness prior to trial his conviction should be affirmed; if the defendant did not know of the witness and the witness could have been located and the witness' absence at trial was not prejudicial, the conviction should be affirmed, but if the absence was prejudicial, the conviction should be reversed (MCL 767.40a[1] and [5]; MSA 28.980[1][1] and [5]).

4. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

A defendant, in order to prevail on a claim of ineffective assistance of counsel, must present a record which supports his claim and excludes hypotheses consistent with the view that his trial lawyer represented him adequately; the defendant's claim may be reviewed solely on the basis of the trial record where he asserts that his claim is well supported by the trial record.

5. MOTIONS AND ORDERS — DIRECTED VERDICT.

A directed verdict is not warranted if the evidence, viewed in a light most favorable to the prosecution, establishes a prima facie case of the charged offense.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of

the Criminal Division, Research, Training and Appeals, and *Joseph A. Puleo,* Assistant Prosecuting Attorney, for the people.

*Steven J. Parzen,* for defendant.

Before: GRIBBS, P.J. and HOLBROOK, JR., and REILLY, JJ.

PER CURIAM. Following a bench trial, defendant was convicted of second-degree murder, MCL 750.317; MSA 28.549, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to eight to twenty years imprisonment on the murder conviction and a consecutive two-year term of imprisonment on the firearm conviction. In this appeal as of right, defendant asserts that he was denied a fair trial because the prosecution failed to indorse a known res gestae witness and because he did not receive effective assistance of counsel. We agree with the former assertion and remand for an evidentiary hearing in accordance with this opinion.

Defendant did not testify at his trial and no witnesses were presented in his defense. Rather, defendant was convicted following testimony from the two prosecution witnesses, Ruth Davis, the victim's mother, and Anthony Jones, an acquaintance of both the defendant and the victim. This testimony established that defendant and the victim formerly worked together selling narcotics and that they had fought with each other on the day before the victim was killed. Following this fight, defendant allegedly said he was going to "get" someone. According to Jones, the fight arose because the victim had been selling fake narcotics to defendant's customers.

On the day after the fight, Jones and the victim's sister, Molly, were sitting on the steps of a house adjacent to that of the victim. Defendant approached the victim's home, the victim came out and the two talked. When the victim turned to reenter his house, Jones witnessed defendant pull a gun from his waistband and shoot the victim. Following the shooting, Jones and Molly left.

At trial, Jones testified that Molly had also witnessed the shooting: "She was there. She had to see it." However, Jones admitted making prior inconsistent statements to the police about Molly's having witnessed the shooting. The first statement, given while Jones was in police custody on an unrelated charge, was that he had only heard about the shooting from Molly, who was an eyewitness. In his second statement, given after defendant had been arrested, and while Jones was still in custody, Jones recanted the first statement and related that he had been the only eyewitness to the shooting.

Following his conviction, defendant filed a motion for a new trial. This motion asserted, in part, that the prosecution had failed to produce Molly as a res gestae witness at trial, despite the belief that she was then residing in Chicago, Illinois. Defendant claimed that Molly's examination would reveal new evidence which could "render the probability of a different result at a new trial." This motion was denied immediately prior to the imposition of defendant's sentence.

In the instant appeal, defendant asserts that he was denied a fair trial by the prosecution's failure to indorse Molly as a res gestae witness. We first note that our review of this issue is appropriate since defendant's claim was raised in his motion for a new trial. See *People v Lamar,* 153 Mich App 127, 138; 395 NW2d 262 (1986). However, we also

note that the res gestae witness statute, MCL 767.40; MSA 28.980, as amended effective July 1, 1986, no longer requires the prosecutor to indorse on the information the names of the witnesses known to him. Instead, a lesser, though still affirmative, burden is now mandated by MCL 767.40a(1); MSA 28.980(1)(1).

> The prosecuting attorney shall attach to the filed information a list of all witnesses known to the prosecuting attorney who might be called at trial and all res gestae witnesses known to the prosecuting attorney or investigating law enforcement officers.

Regardless, we find that defendant's claim has merit, insofar as the prosecution failed to comply with the amended statute.

A res gestae witness is a person who witnesses "some event in the continuum of a criminal transaction" and whose testimony will "aid in developing a full disclosure of the facts." *People v Baskin,* 145 Mich App 526, 530-531; 378 NW2d 535 (1985). In the instant case, Jones' testimony at trial raises a strong possibility that Molly is a res gestae witness. Additionally, the police were aware of this strong possibility after Jones' first statement, which pinpointed Molly as the only eyewitness to the victim's murder. Since the police arrested defendant after this first statement, we reject any assertion that the investigating officers discounted Molly's res gestae status. Thus, under MCL 767.40a; MSA 28.980(1), the prosecution erred by failing to list Molly as a res gestae witness on an attachment to the information. However, a conclusion as to the appropriate remedy for this failure requires additional analysis.

Pursuant to the previous res gestae statute, MCL 767.40; MSA 28.980, the remedy for such

nonconformance was a remand for an evidentiary hearing. *People v Willie Pearson,* 404 Mich 698; 273 NW2d 856 (1979); *People v Robinson,* 390 Mich 629, 633-634; 213 NW2d 106 (1973). At this hearing, the prosecutor was either to produce the witness, or detail why he could not then produce the witness, and explain why he did not initially indorse and produce the witness at trial. *Robinson, supra;* see also *Lamar, supra.* If the witness was produced at the hearing, the court was to determine if the defendant had been prejudiced by the absence of the witness at trial. *Pearson, supra;* see also *Lamar, supra.*

As noted, the amended statutes replace the prosecutor's duty to indorse res gestae witnesses with the lesser requirement that a list of their names be included with the information. MCL 767.40a(1); MSA 28.980(1)(1). Additionally, the prosecutor's duty to produce res gestae witnesses has been replaced with an obligation to provide "reasonable assistance" to defendant in locating them, should defendant request such assistance. MCL 767.40a(5); MSA 28.980(1)(5). Thus, some of the purposes for an evidentiary hearing pursuant to *Robinson, supra,* have been obviated by the statute's amendment. For example, it is no longer necessary to determine whether the prosecutor acted with due diligence in trying to locate or produce a res gestae witness. See *People v George,* 130 Mich App 174, 178; 342 NW2d 908 (1983).

However, other purposes of the hearing remain valid. In the instant case, these purposes include determining whether the witness could have been located and produced, and whether the witness' absence at trial was prejudicial to defendant. Moreover, the amended statute also makes necessary a new inquiry into whether the defendant knew of the res gestae witness, despite the prose-

cution's failure to list the witness. Since the amended statute requires the defendant to make a request before the prosecution must assist in locating the res gestae witness, the purpose of the "listing" requirement is merely to notify the defendant of the witness' existence and res gestae status. Therefore, if the defendant knew of the res gestae witness in any event, the prosecutor's failure to list the witness would be harmless error. Thus, in the instant case, we remand to the trial court to determine (1) whether defendant knew prior to trial that Molly was a possible res gestae witness, and, if not, (2) whether Molly could have been located and produced at trial through reasonable efforts, and, if yes, (3) whether her absence at trial was prejudical to defendant. If defendant knew of Molly's possible res gestae status prior to trial and failed to seek assistance in locating her, defendant's convictions should be affirmed. If defendant did not know of Molly's possible status, and Molly could have been located, defendant's convictions should still be affirmed unless Molly's absence at trial was prejudicial. If Molly's absence was prejudicial, defendant's convictions should be reversed.

Although we find merit in defendant's res gestae claim, we reject the assertion that defendant was denied effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a defendant must present a record which supports his claim and "excludes hypotheses consistent with the view that his trial lawyer represented him adequately." *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973). Typically, this burden requires a defendant to seek an evidentiary hearing in order to develop the record. *Ginther, supra; People v Walker,* 167 Mich App 377, 381-382; 422 NW2d 8 (1988). Although defen-

dant requested such a hearing, defendant also asserted that his claim of ineffective assistance was well supported by the trial record. Since such a claim may be reviewed solely on the basis of the trial record, *People v Bettistea,* 173 Mich App 106, 127; 434 NW2d 138 (1988), another panel of this Court issued an order on April 26, 1988, which denied defendant's motion to remand for a hearing "for failure to persuade the Court of the necessity of a remand." Having reviewed the trial record, we now reject defendant's assertion that it supports his claim.

Defendant maintains that his counsel was ineffective because he failed to make an opening statement, failed to present witnesses, and advised defendant not to testify. However, we will not second-guess counsel in matters of trial strategy. *People v Barnett,* 163 Mich App 331, 338; 414 NW2d 378 (1987). Our review of the record convinces us that these alleged mistakes were valid decisions pursuant to a strategy aimed at discrediting the prosecution's witnesses.

Defendant next claims that his counsel erred in not seeking a directed verdict on defendant's original charge of first-degree murder. We disagree. Trial counsel should avoid meritless motions. *People v Tullie,* 141 Mich App 156, 158; 366 NW2d 224 (1985). A directed verdict is not warranted if the evidence, viewed in a light most favorable to the prosecution, establishes a prima facie case of the charged offense. *People v Schultz,* 172 Mich App 674, 680; 432 NW2d 742 (1988). In the instant case, the record discloses that the victim and defendant had been fighting, that defendant said he was going to get someone, and the defendant went to the victim's house and shot him. We find that this evidence was sufficient to render a di-

rected verdict motion unwarranted. See *People v Viaene,* 119 Mich App 690, 694; 326 NW2d 607 (1982).

Defendant also asserts that his trial counsel did not adequately investigate the case and was not prepared for trial. We reject this claim because we find that defendant's trial counsel provided competent representation. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976); *People v Dalessandro,* 165 Mich App 569, 575; 419 NW2d 609 (1988).

Remanded for an evidentiary hearing in accordance with this opinion. We do not retain jurisdiction.