PEOPLE v JOHNSON (ON REMAND)

Docket No. 114316. Submitted January 9, 1989, at Lansing. Decided October 2, 1989.

John R. Johnson was convicted by a jury in the Washtenaw Circuit Court, Ross W. Campbell, J., of assault and battery. The Court of Appeals reversed, holding that the warrant to search for and seize the defendant was invalid, and that photographs taken of the defendant while in custody and used in a photographic line-up, which was conducted after defendant's release and while he was not represented by counsel, should not have been admitted into evidence. 161 Mich App 205 (1987). The Supreme Court remanded for consideration by the Court of Appeals of the question whether the identification procedure used was consistent with Michigan law and, if not, whether there was an independent basis for the complainant's in-court identification of the defendant so as to render harmless any error committed by the trial court in the admission of the disputed evidence. 431 Mich 683 (1988).

On remand the Court of Appeals *held:*

1. The presence of counsel is required at a photographic identification where the defendant, although not in custody, is the focus of the investigation. Here, it is clear that, at the time of the photographic line-up, the police investigation had focused on defendant and the police were seeking to elicit identification evidence so as to build a case against defendant rather than to extinguish a case against an innocent bystander.

2. An insufficient record in this case prevents the Court of Appeals from considering whether there was an independent basis for the complainant's in-court identification. A remand to the trial court is ordered for a hearing on the issue of independent basis.

Reversed and remanded.

CRIMINAL LAW — PHOTOGRAPHIC IDENTIFICATION — RIGHT TO COUNSEL.

Counsel must be present at a photographic identification of an

REFERENCES

Am Jur 2d, Criminal Law § 974.

See the Index to Annotations under Attorney or Assistance of Attorney; Lineups; Pictures and Photographs.

accused who is in custody, or where the defendant, although not in custody, is the focus of investigation, when the purpose of the identification is to build a case against the defendant by eliciting identification evidence, not to extinguish a case against an innocent bystander.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

*McCoy & McDaniel* (by *Timothy E. McDaniel*), for defendant on appeal.

Before: HOOD, P.J., and MACKENZIE and HOLBROOK, JR., JJ.

PER CURIAM. This case is before us on remand from our Supreme Court. *People v Johnson,* 431 Mich 683; 431 NW2d 825 (1988). Our original opinion reversed defendant's conviction on the basis that a search warrant could not be issued for the purpose of photographing a suspect and that, therefore, the resulting photographs of defendant and the subsequent identification from those photographs should have been suppressed. 161 Mich App 205; 409 NW2d 784 (1987). The Supreme Court remanded specifically for consideration by the Court of Appeals of whether the uncounseled photographic line-up was consistent with *People v Franklin Anderson,* 389 Mich 155; 205 NW2d 461 (1973), and, if not, whether under *People v Kachar,* 400 Mich 78; 252 NW2d 807 (1977), there was an independent basis for the complainant's in-court identification. See *Johnson,* 431 Mich 695-696. Both parties have submitted briefs after remand.

Defendant was convicted by a jury of assault and battery. MCL 750.81; MSA 28.276. He was

sentenced to ninety days in the Washtenaw County Jail. The complainant, who was nine years old at the time of the trial, claimed that defendant touched her on the buttocks while in a Meijer Thrifty Acre Store. Following their initial investigation, the police obtained a search warrant which resulted in an officer's taking pictures of the defendant. One of those pictures was then used in a photographic line-up in which the complainant identified the defendant as the man who had touched her. Defendant was not informed of the photographic line-up and he was not represented by counsel at the line-up.

Defendant moved to suppress the identification testimony because no counsel was provided for the photographic line-up, and the trial court denied the motion.

It is clear that a suspect in custody has a right to counsel at a photographic line-up. *Anderson, supra,* p 187. In *People v Lee,* 391 Mich 618, 625; 218 NW2d 655 (1974), the Court declined to extend *Anderson* to the "pre-custody, pre-questioning, mere suspicion phase" of an investigation. In *Lee,* the police had not focused on the defendant as a suspect, but had included his picture in one of three photo displays shown the complainant. At the time of the display, Lee had not been approached or questioned by the police, but was a "possible subject" based on the similarity of his clothing to that reportedly worn by the suspected robber. However, in *Kachar, supra,* pp 88-89, the Supreme Court indicated that the presence of counsel is required at a photographic identification where the defendant, although not in custody, is the focus of the investigation. *Kachar, supra,* p 89, noted *Anderson's* approval of a decision of this Court, *People v Cotton,* 38 Mich App 763, 769-770; 197 NW2d 90 (1972), in which we held that coun-

sel must be present at a photographic identification when "[i]ts purpopse [is] to build a case against the defendant by eliciting identification evidence, not to extinguish a case against an innocent bystander." Even though *Kachar* is not binding precedent because the controlling opinion was signed by only two justices, its "focus" consideration has been used by this Court. The general rule that has been applied is that the right to counsel attaches when the accused is in custody, readily available or the focus of investigation. See, e.g., *People v McFadden,* 159 Mich App 796, 798-799; 407 NW2d 78 (1987); *People v Wyngaard,* 151 Mich App 107, 112; 390 NW2d 694 (1986); *People v Harrison,* 138 Mich App 74, 76-78; 359 NW2d 256 (1984).

It is clear that at the time of the photographic line-up, the police investigation had focused on defendant and that the police were seeking to elicit identification evidence so as to build a case against defendant rather than to extinguish a case against an innocent bystander.

The evidence the police had gathered immediately after the incident pointed to a single suspect. The complainant saw the person who had touched her and was able to give a description to the police. She and her family had been able to follow the suspect at the shopping area, resulting in the store security personnel obtaining the license plate number of the car in which he drove away. The police traced that number and determined that the car belonged to a woman living in a mobile home park. At a pretrial *Wade*[1] hearing on the suppression of the identification, the investigating officer indicated that, before the police could follow up on this information, they received a call from some-

[1] *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967).

one at the trailer park. On the basis of an article in a local paper, that person informed the police that a possible suspect resided at the park at the address given on the title registration. At the time of the line-up, the police had already made contact with the defendant and knew of his whereabouts. Since the record clearly shows that defendant had become the focus of the police investigation when the line-up was conducted, counsel for defendant should have been present at the photographic line-up and therefore evidence of the identification should have been suppressed. *Harrison, supra; Cotton, supra.*

The Supreme Court's determination as to probable cause further supports this finding. The Court found that prior to the warrant the police had probable cause to arrest or, in other words, probable cause to believe that defendant had committed a felony. *Johnson,* 431 Mich 690-693. Certainly on these facts—where the police had probable cause to arrest their only suspect, and had informed the suspect that he had to submit to either a corporeal or photographic line-up—it would be disingenuous to say that he was not the focus of their investigation. Cf. *People v Erwin Wilson,* 95 Mich App 93, 96-99; 290 NW2d 89 (1980).

Having found that the photographic line-up was not consistent with *Anderson,* the remaining question is whether there was an independent basis for the complainant's in-court identification under *Kachar.*

Both parties have indicated that the record is not sufficient for this Court to consider this issue. In accord with their requests, we remand for a hearing on whether there is an independent basis for the complainant's identification.[2]

---

[2] In his brief, the prosecutor raises the possibility that the photo-

The trial court's decision on the suppression of the testimony is reversed. This case is remanded for a hearing as indicated above. If the trial court determines that there was an independent basis for the identification, defendant's conviction will stand. If not, he will be entitled to a new trial.

---

graphic line-up may also have tainted the in-court identifications made by the complainant's mother and brother. Both identified defendant as the man they saw at Meijer. Both were apparently on the premises when the photographic line-up was held. There is no indication that this issue was raised at any time in the lower court or on appeal to this Court or the Supreme Court. We decline to consider it here and limit the remand to the issue remanded by our Supreme Court.