PEOPLE v DeMEYERS

Docket No. 105643. Submitted December 5, 1989, at Lansing. Decided April 16, 1990. Leave to appeal applied for.

Marcus Rico DeMeyers was convicted of armed robbery following a jury trial in Eaton Circuit Court, Richard M. Shuster, J., and was sentenced to twenty to thirty years in prison. Defendant appealed.

The Court of Appeals *held:*

1. The trial court erred in ruling that due diligence was exercised by the investigating police officers in an attempt to produce a missing res gestae witness. Further, the failure of the officers to exercise due diligence must be imputed to the prosecution. This error does not automatically entitle defendant to a new trial, but to an evidentiary hearing on remand to determine whether he was prejudiced by the absence of the witness at trial. The burden is on the prosecution to prove that defendant was not prejudiced. If it can be proven that defendant suffered no prejudice, his conviction should be affirmed. Otherwise, defendant is entitled to a new trial at which either the missing witness should be produced or the jury instruction on missing witnesses should be read to the jury.

2. The trial court erred by rejecting the focus test, i.e., that the police investigation was focused on the defendant, as the test for whether defendant was entitled to the presence of counsel at a precustodial photographic lineup. On remand, the court is to hold a hearing to determine whether the police investigation was, in fact, focused upon defendant at the time of the photographic lineup in question. If not, the photographic lineup identification need not be suppressed. If, at that time, the focus of the investigation was on defendant, the court must determine if there was an independent basis for the witness'

REFERENCES

Am Jur 2d, Criminal Law § 947; Depositions and Discovery §§ 455-457; Robbery §§ 5, 8; Trial § 315.

Validity, under Federal Constitution of police lineup or showup procedures—Supreme Court cases. 34 L Ed 2d 839.

Robbery by means of toy or simulated gun or pistal. 81 ALR3d 1006.

subsequent in-court identification of defendant. If there was an independent basis, defendant's conviction is affirmed. If not, defendant is entitled to a new trial.

3. Defendant was not denied a fair trial by the prosecutor's remarks during closing argument. Furthermore, appellate review of this issue is precluded because defendant failed to object during closing argument and any prejudicial effect could have been cured by an appropriate instruction.

4. The prosecution produced sufficient evidence that defendant was armed at the time of the robbery.

Affirmed in part, reversed in part, and remanded.

CAVANAGH, J., dissented from that part of the majority opinion which held that the court erred by rejecting the focus test as the proper test to utilize in determining whether defendant was entitled to counsel's presence at the photographic displays conducted by the police. He would find nothing improper with the photographic displays conducted and, consequently, would not order an evidentiary hearing on the focus issue.

1. CRIMINAL LAW — WITNESSES — RES GESTAE WITNESSES — DUE DILIGENCE.

The res gestae statute, amended in 1986, continues to impose a duty on the prosecution and the investigating law enforcement officers to exercise due diligence in discovering the identities of res gestae witnesses (MCL 767.40a; MSA 28.980[1]).

2. CRIMINAL LAW — WITNESSES — RES GESTAE WITNESSES — DUE DILIGENCE.

"Due diligence" is the attempt to do everything reasonable, not everything possible, to identify res gestae witnesses.

3. CRIMINAL LAW — WITNESSES — RES GESTAE WITNESSES — DUE DILIGENCE.

An investigating police officer's lack of diligence or reasonable effort to produce a missing res gestae witness must be imputed to the prosecution.

4. CRIMINAL LAW — WITNESSES — RES GESTAE WITNESSES — DUE DILIGENCE — NEW TRIAL.

A new trial is not automatically warranted where the trial court erroneously ruled that the prosecution exercised due diligence in an attempt to produce a missing res gestae witness; the proper procedure is to remand the case to the trial court for an evidentiary hearing to determine whether the defendant was prejudiced by the absence of the witness at trial; if the defen-

dant was not prejudiced, the conviction should be affirmed; if he was prejudiced, the defendant is entitled to a new trial at which either the missing witness should be produced or the missing witness jury instruction read to the jury (CJI2d 5.12).

5. CRIMINAL LAW — WITNESSES — RES GESTAE WITNESSES — FAILURE TO PRODUCE WITNESSES — PREJUDICE — BURDEN OF PROOF.

A defendant is presumed to have been prejudiced by the failure of the prosecution to exercise due diligence, or reasonableness, in an attempt to identify a missing res gestae witness, thus the prosecution has the burden at an evidentiary hearing on remand to show that its failure to exercise due diligence, or reasonableness, in identifying the witness did not adversely affect the defendant's right to a fair trial; to meet its burden of proof, the prosecution may produce the missing witness or otherwise show that the missing testimony would not have assisted the defendant, would have merely constituted cumulative evidence, that its absence was harmless error, or that the witness could not have been produced at trial even if he had been identified.

6. CRIMINAL LAW — WITNESSES — IDENTIFICATION — PHOTOGRAPHS.

Counsel must be present at a photographic identification of an accused who is in custody, or where the investigation has focused upon the defendant, although he is not in custody, when the purpose of the identification is to build a case against the defendant by eliciting identification evidence, not to extinguish a case against an innocent bystander.

7. CRIMINAL LAW — WITNESSES — IDENTIFICATION — PHOTOGRAPHS.

Identification by photograph generally should not be used where the accused is in custody.

8. APPEAL — PROSECUTORIAL COMMENT — PRESERVING QUESTION.

The absence of objection during trial precludes appellate review of allegedly prejudicial prosecutorial remarks unless the prejudicial effect was so great that it could not have been cured by a cautionary instruction and failure to consider the issue would result in a miscarriage of justice.

9. ROBBERY — ARMED ROBBERY — EVIDENCE OF WEAPON.

A defendant may be convicted of armed robbery even if the weapon was not actually seen by the complainant; testimony by the complainant that the defendant held his hand in his pocket indicating that he had a gun is sufficient to satisfy the element of being armed (MCL 750.529; MSA 28.797).

*Frank J. Kelley*, Attorney General, *G. Michael*

*Hocking,* Prosecuting Attorney, and *William M. Worden,* Assistant Prosecuting Attorney, for the people.

*Douglas R. Mullkoff,* for defendant on appeal.

Before: BRENNAN, P.J., and MURPHY and CAVANAGH, JJ.

MURPHY, J. After a jury trial, defendant was convicted and sentenced to a prison term of twenty to thirty years for armed robbery, MCL 750.529; MSA 28.797. Defendant appeals as of right. We reverse.

Defendant's conviction arose out of the armed robbery of a Clark service station on Waverly Road in Eaton County on December 26, 1986.

Attached to the information charging defendant was a list of witnesses pursuant to MCL 767.40a; MSA 28.980(1). In addition to the investigating officers, only Dennis Zank, the clerk on duty during the robbery, and Ramiro Rodriguez, a customer present at the time, were named.

On May 11, 1987, after the jury was sworn, but before defendant's trial actually commenced, an evidentiary hearing was held to determine the propriety of the identification procedures used in the photographic lineups conducted before defendant's arrest. While testifying during the hearing, Zank mentioned a third man who had been present at the robbery scene.

The next day, pursuant to defense counsel's request for CJI 5:2:14, now CJI2d 5.12, the missing witness instruction, the trial court conducted an evidentiary hearing to determine whether the prosecution had exercised due diligence in its attempt to identify all res gestae witnesses. At this hearing, Zank explained that the unidentified wit-

ness was a regular customer at the Clark station who came in approximately every other day to purchase cigarettes. Although he did not know the man's name, Zank was able to describe the two vehicles regularly driven by the man. Zank also testified that he believed he had mentioned this witness' presence to the investigating officer on the night of the robbery. Furthermore, he was certain that he had told Detective O'Donnell about this witness at the time of the photographic lineups. Following Zank's testimony, the prosecutor conceded that the unidentified man was a res gestae witness. The trial court adjourned with the prosecutor's assurance that an effort would be made to locate the missing witness.

On May 13, 1987, a second hearing on the due diligence issue was held. At this time, both investigating officers testified that neither Zank nor Rodriguez had mentioned the third witness on the night of the robbery. However, Detective O'Donnell agreed that Zank had informed him about the missing witness at the time of the second photographic lineup on January 19, 1987. The detective said he had asked Zank to get the witness' name, address, and phone number the next time the man came into the store and to tell him that the police wanted to talk to him. At the next photographic lineup, Zank told O'Donnell that he was unable to acquire the information because the witness did not want to be involved. The detective then described his unsuccessful efforts to locate the missing witness following the previous day's hearing.

At the conclusion of the testimony, the trial court stated that it was unwilling to rule that there was a lack of due diligence by the investigating officers. However, this ruling appears to have been based more on the court's reluctance to read the missing witness instruction, CJI 5:2:14, now

CJI2d 5.12, than on the diligence of the officers' efforts, which the trial court criticized. If the court determined that the prosecution exercised due diligence, then we believe the trial court's findings were clearly erroneous.

Under the present res gestae statute, MCL 767.40a; MSA 28.980(1) [§ 40a], the prosecutor has no affirmative duty to endorse and produce all res gestae witnesses. Consequently, there appears to be some question concerning whether the prosecution's duty to exercise due diligence to locate and produce res gestae witnesses has survived amendment of the former res gestae statute, MCL 767.40; MSA 28.980. See and compare *People v Gunnett,* 182 Mich App 61; 451 NW2d 863 (1990), with *People v Calhoun,* 178 Mich App 517, 522; 444 NW2d 232 (1989). However, even under the traditional due diligence standard, the prosecution was only required to do "everything reasonable, not everything possible" to identify, locate, and produce res gestae witnesses. *People v Cummings,* 171 Mich App 577, 585; 430 NW2d 790 (1988).

Under the present statute, a list of all known witnesses who might be called at trial and all res gestae witnesses known to the prosecutor or investigating law enforcement officers must be attached to the information. § 40a(1). Additionally, the prosecutor is charged with a continuing duty to disclose the identities of further res gestae witnesses as they become known and to provide reasonable assistance to locate witnesses upon request by the defendant. § 40a(2), (5). We conclude that the amended res gestae statute continues to impose a duty on the prosecution, and the investigating law enforcement officers to exercise due diligence in discovering the identities of res gestae witnesses. See *Gunnett, supra,* p 67. To hold otherwise ren-

ders meaningless their continuing duty to disclose known witnesses as set forth in the statute.

It is clear that the prosecutor had no personal knowledge of the existence of this third eyewitness before Dennis Zank's testimony at the evidentiary hearing on the morning scheduled for defendant's trial. Furthermore, there is no question that the efforts made to locate the witness that afternoon were diligent and reasonable. Thus, the prosecution clearly provided the reasonable assistance to identify and locate required under § 40a(5) once there was actual knowledge of the witness' existence.

However, this does not change the fact that Detective O'Donnell knew of the existence of this third witness as early as January 19, 1987. By mid-February, he also knew that Zank had been unable to ascertain the man's identity. Nevertheless, the detective took no further action to locate the witness in the ensuing three months before defendant's trial.

We note that this Court has excused failure to locate a witness whose identity was unknown when the only lead uncovered on his identification was "that an employee of the store stated that he might recognize this customer upon seeing him again but that he did not know the customer's identity or how to locate him." *People v Carter,* 87 Mich App 778, 784-785; 276 NW2d 493 (1979). However, in the present case, Dennis Zank gave the investigating officer a great deal more information about the missing witness than a vague statement that "he might recognize" him.

We also recognize that the officer was only required to do "everything reasonable, not everything possible" to identify this witness. *Cummings, supra,* p 585. Nevertheless, regardless of whether a relaxed standard under MCL 767.40a; MSA

28.980(1) or the "due diligence" standard is applied to this case, we do not believe that everything reasonable was done to identify and locate this witness. See *Gunnett, supra.* Indeed, as noted by the trial court, a simple request to Dennis Zank to obtain the witness' license plate number could have led to his identification in the three months before defendant's trial and the addition of his name to the statutorily required list of res gestae witnesses. Under both the present statute and the traditional standard, the investigating officer's lack of diligence or reasonable effort must be imputed to the prosecution. See § 40a(2); *People v Dye,* 431 Mich 58, 77; 427 NW2d 501 (1988), cert den sub nom *Michigan v Dye,* — US —; 109 S Ct 541; 102 L Ed 2d 571 (1988).

However, defendant is not automatically entitled to a new trial with the addition of the missing witness instruction because the trial court erroneously decided the due diligence issue. Therefore, we remand for an evidentiary hearing to determine whether defendant was prejudiced by the absence of this witness at trial. *People v Pearson,* 404 Mich 698, 723; 273 NW2d 856 (1979). Because defendant is presumed to have been prejudiced, the prosecutor has the burden to show that the failure to exercise due diligence, or reasonableness, in identifying this witness did not adversely affect defendant's right to a fair trial. *Id.,* p 725. The prosecutor may produce this missing witness or otherwise show that the missing testimony would not have assisted defendant, would have merely constituted cumulative evidence, that its absence was harmless error, or that the witness could not have been produced at trial even if he had been listed. In that event, defendant's conviction should be affirmed. However, should the prosecutor fail to meet this burden, defendant is entitled to a new

trial at which either the missing witness should be produced or CJI2d 5.12 should be read to the jury. *Id.,* pp 725-726.

Defendant also contends the trial court erroneously refused to suppress evidence of a precustodial photographic lineup which was conducted without counsel present to represent defendant, upon whom the investigation was clearly focused.

In the period from January 19 to February 5, 1987, five different photographic displays were shown to Dennis Zank. Only the last of these, on February 5, contained defendant's photograph. At that time, Zank identified defendant as the man who had robbed the Clark station. The next day, February 6, Detective O'Donnell showed a six-item photographic display containing defendant's picture to Ramiro Rodriguez, who also identified defendant as the robber. Defendant was not represented by counsel at either photographic lineup containing his picture. Defendant contends that because he was the focus of the police investigation after Zank had positively identified him, he was entitled to be represented by counsel when the photographic display was shown to Rodriguez. In fact, at the *Wade* hearing, *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967), Detective O'Donnell agreed that he had "focused" on defendant after Zank identified him.

We agree with defendant's contention that "focus" is the controlling test for a defendant's right to counsel at a photographic identification procedure. However, the trial court made no determination concerning whether defendant was the focus of this particular investigation at the time of the February 6, 1987, photographic lineup. Assuming that the investigation was focused upon defendant, there has been no ruling as to whether there was

an independent basis for the in-court identification by Mr. Rodriguez.

Subject to certain exceptions of necessity, identification by photograph shall not be used when an accused is in custody. *People v Anderson,* 389 Mich 155, 186-187; 205 NW2d 461 (1973). When there is a legitimate reason to use a photographic identification procedure, the defendant has the right to counsel. *Id.* It is the "fact of custody" which requires implementation of this rule, which applies even when the defendant is in custody for a different crime in a different place. *People v Anderson,* 391 Mich 419, 422; 216 NW2d 780 (1974). However, our Supreme Court has declined to extend the rule requiring presence of counsel to the "pre-custody, pre-questioning, mere suspicion phase" of an investigation. *People v Lee,* 391 Mich 618, 625; 218 NW2d 655 (1974).

When a defendant is not in custody, but is the focus of an investigation, counsel must be present when the purpose of the photographic identification procedure is to build a case against the defendant by eliciting identification evidence, not to extinguish the case against an innocent bystander. *People v Kachar,* 400 Mich 78, 89; 252 NW2d 807 (1977), quoting *People v Cotton,* 38 Mich App 763, 769-770; 197 NW2d 90 (1972). Although *Kachar* is not binding precedent because the controlling opinion was signed by only two justices, the "focus" test has been consistently applied in subsequent opinions by this Court. *People v Johnson (On Remand),* 180 Mich App 423, 424-427; 447 NW2d 800 (1989), and cases cited therein; *People v McFadden,* 159 Mich App 796, 798-799; 407 NW2d 78 (1987), and cases cited therein. Therefore, we conclude that the trial court erred by rejecting "focus" as the test for whether defendant was

entitled to the presence of counsel at the February 6, 1987, photographic identification procedure.

Consequently, upon remand, we direct the trial court to also conduct a hearing to determine whether the focus of the police investigation was, in fact, upon defendant after Dennis Zank identified him on February 5, 1987. If the trial court determines that the investigation was not focused upon defendant, evidence concerning the photographic lineup identification by witness Rodriguez need not be suppressed. On the other hand, if suppression of this evidence is necessary because the investigation was focused upon defendant, the trial court must also determine whether there was an independent basis for Rodriguez's in-court identification of defendant. *Kachar, supra.* If the trial court finds an independent basis, defendant's conviction is affirmed. If not, defendant is entitled to a new trial.

Regarding defendant's claim that he was denied a fair trial by the prosecutor's improper remarks during closing argument, we have reviewed the arguments in the context of the record and find no such impropriety. *People v Burnett,* 166 Mich App 741, 754; 421 NW2d 278 (1988). Furthermore, defendant failed to object during closing argument; therefore, appellate review of the allegedly improper remarks is precluded because any prejudicial effect could have been cured by an appropriate instruction. *People v Hubbard,* 159 Mich App 321, 327; 406 NW2d 287 (1987).

We also conclude, after review of the record, that the prosecution produced sufficient evidence that defendant was armed at the time of the robbery. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), reh den 407 Mich 1164 (1980), cert den sub nom *Michigan v Hampton,* 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980). It was

not necessary for defendant to display a weapon. The manner in which defendant concealed his hand simulated a gun and led Dennis Zank to believe that defendant had a gun in his pocket. This was sufficient evidence to satisfy the "armed" element of armed robbery, MCL 750.529; MSA 28.797. *People v Burden,* 141 Mich App 160, 165; 366 NW2d 23 (1985); *People v Tullie,* 141 Mich App 156, 157; 366 NW2d 224 (1985).

In summary, the trial court's findings that the prosecution exercised due diligence in attempting to identify and list all known res gestae witnesses in compliance with MCL 767.40a; MSA 28.980(1) is reversed. We also reverse the trial court's ruling that "focus" is not the test for defendant's right to counsel at a prearrest photographic identification procedure. This case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

Affirmed in part, reversed in part, and remanded.

BRENNAN, P.J., concurred.

CAVANAGH, J. *(concurring in part and dissenting in part).* I agree with the majority that there was sufficient evidence to convict defendant of armed robbery and that comments made by the prosecutor did not deny defendant a fair trial. I also agree with the need for a postremand hearing to determine whether the defendant was prejudiced by the prosecution's failure to identify and list a res gestae witness. Although the due diligence obligation to produce res gestae witnesses is in dispute, the prosecutor under the present statute is required to list all known res gestae witnesses. On this basis, I agree that an evidentiary hearing is appropriate.

However, I am not prepared at this time to adopt the "focus" test to determine whether defendant was entitled to counsel's presence at the photographic displays conducted by the police. I am not convinced that the clear language rejecting this test from the unanimously decided case of *People v Lee,* 391 Mich 618, 625; 218 NW2d 655 (1974), has been disturbed by *People v Kachar,* 400 Mich 78; 252 NW2d 807 (1977). Consequently, I would not order an evidentiary hearing on the "focus" issue, finding nothing improper with the photographic displays conducted by the police.