PEOPLE v JOHNSON

Docket No. 156677. Submitted April 13, 1994, at Lansing. Decided
July 5, 1994, at 9:25 A.M. Leave to appeal denied, 447 Mich —.

Gary E. Johnson was convicted by a jury in the Oakland Circuit
Court, Frederick C. Ziem, J., of armed robbery and, thereafter,
pleaded guilty of being an habitual offender, second offense.
The victim testified that after the robbery he chased the
defendant and that the defendant stopped, put his hand in his
shirt, and then resumed running. The victim gave conflicting
testimony concerning whether the defendant told him to "stop"
or "freeze." There was no testimony that there was any bulge
or outline under the shirt that appeared to be a gun, that the
defendant used his hand or anything else under his shirt to
suggest he had a gun, or that the defendant made any direct
statement that he was armed. The defendant appealed.

The Court of Appeals *held:*

1. The evidence was not sufficient to support the jury's
finding that the defendant was armed. Neither the victim's
subjective belief that the defendant was armed nor the equivo-
cal testimony that the defendant told the victim to stop or
freeze is objective evidence sufficient to support a finding that
the defendant was armed. Accordingly, it was error to charge
the jury regarding armed robbery, and the conviction of armed
robbery must be reversed. However, because the other elements
of robbery were established, there was sufficient evidence to
support a conviction of unarmed robbery.

2. The trial court did not abuse its discretion in denying the
defendant's motion for dismissal based on the prosecutor's
alleged failure to comply with a pretrial discovery order.

3. There was probable cause to bind over the defendant for
trial, there being testimony at the preliminary examination
that something of value had been taken by the defendant.

Reversed and remanded for entry of a judgment of conviction
of unarmed robbery and for resentencing.

REILLY, J., dissenting, stated that the conviction of armed
robbery should be affirmed, because the evidence, if viewed in a
light most favorable to the prosecution, was sufficient to allow
reasonable jurors to determine that the defendant was guilty
beyond a reasonable doubt of armed robbery.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, and *Robert C. Williams,* Assistant Prosecuting Attorney, for the people.

*Charles P. Reisman,* for the defendant on appeal.

Before: HOLBROOK, JR., P.J., and REILLY and G. W. HOOD,* JJ.

HOLBROOK, JR., P.J. Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and, thereafter, pleaded guilty of being an habitual offender, second offense, MCL 769.10; MSA 28.1082. He was sentenced to four to twenty years' imprisonment and appeals as of right. We reverse.

Defendant claims on appeal that there was insufficient evidence presented at trial to support his conviction of armed robbery. We agree. When reviewing such a claim following a jury trial, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den 449 US 885 (1980).

The elements of armed robbery are: (1) an assault, (2) a felonious taking of property from the victim's person or presence, and (3) the defendant must be armed with a weapon described in the statute. *People v Newcomb,* 190 Mich App 424, 430; 476 NW2d 749 (1991). We find that insufficient evidence was presented to lead the victim to believe that defendant had a gun; therefore, the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"armed" element of the offense was not proven. *People v Jolly*, 442 Mich 458; 502 NW2d 177 (1993); *People v Parker*, 417 Mich 556; 339 NW2d 455 (1983), cert den 466 US 962 (1984). The victim testified that after the robbery he chased defendant until defendant stopped and put his hand inside his "baggy" shirt. At that point, the victim stopped as well, assuming that defendant had a gun. He testified to no specific circumstances, such as a bulge or outline of an object under defendant's shirt that would be indicative of a gun, and testified, when asked if he thought defendant had a gun, "possibly, I wasn't going to just assume that he didn't, so I did stop." The victim also testified that defendant then picked up the two boxes that he had been carrying and ran again and that he pursued the defendant because "if he's got a gun why is he running?" Finally the victim first testified that when defendant stopped during the chase "he didn't say stop or freeze," but ·on redirect examination claimed that defendant said freeze or stop "or something like that."

In *Jolly, supra,* the defendant's companion told the victim during the course of the robbery that the defendant had a gun, and the victim testified that there was a bulge in the defendant's vest. The victim stated at trial that he did not know if the bulge was a gun, but assumed that it was, because the defendant's accomplice stated that the defendant had a weapon. The *Jolly* Court explained:

> A fair reading of *Parker* does not require submission of a dangerous weapon or other article into evidence, nor does it require that a witness see the make or model number of a gun or knife before the issue can be submitted to the jury. What cannot reach the jury is proof that only focuses on the subjective belief of the victim. In other words, there must be some objective evi-

dence of the existence of a weapon or article before a jury will be permitted to assess the merits of an armed robbery charge. [442 Mich 468.]

In *Jolly,* there was objective evidence that the defendant was armed, e.g., the defendant's accomplice told the victim that the defendant was armed, and the victim saw a bulge in the defendant's vest. In this case, however, the only evidence indicating the existence of a weapon was the subjective belief of the victim, e.g., the victim assumed that the defendant had a gun when he put his hand under his shirt. Defendant did not hold his hand under his shirt in such a manner as to suggest a weapon, nor did he fashion an article in such a manner as to lead a reasonable person to believe that he had a weapon. *Id.* at 465. We do not find the victim's equivocal testimony that defendant told the victim to stop or freeze to be sufficient objective evidence to warrant sending the armed robbery charge to the jury. *Id.* at 469-470.

Where, as here, reversal is required because the jury was permitted to consider a charge unwarranted by the proofs, the appropriate remedy is to remand for entry of a conviction on the lesser included offense and for resentencing, with the prosecutor having the option to retry the defendant on the original charge if additional evidence is discovered to support it. See, e.g., *People v Kamin,* 405 Mich 482, 501; 275 NW2d 777 (1979); *People v Gridiron,* 185 Mich App 395, 404; 460 NW2d 908 (1990). In this case, the jury was instructed on charges of armed robbery, unarmed robbery, larceny from a building, larceny over $100, and larceny under $100. The elements of unarmed robbery are: (1) a felonious taking of property from another, (2) by force or violence or

assault or putting in fear, and (3) being unarmed. MCL 750.530; MSA 28.798; *People v Himmelein,* 177 Mich App 365, 378-379; 442 NW2d 667 (1989). Here, because the victim testified that defendant's actions put him in fear, we find that sufficient evidence was presented to sustain a conviction of unarmed robbery. *People v Hearn,* 159 Mich App 275, 282; 406 NW2d 211 (1987); *People v Denny,* 114 Mich App 320, 323-324; 319 NW2d 574 (1982).

Accordingly, we reverse defendant's conviction of armed robbery and remand for entry of a judgment of conviction of the lesser included offense of unarmed robbery. Defendant is also entitled to resentencing.

The trial court did not abuse its discretion in denying defendant's motion for dismissal, which was based on the prosecutor's alleged failure to comply with a discovery order. *People v Loy-Rafuls,* 198 Mich App 594; 500 NW2d 480 (1993), rev'd in part on other grounds 442 Mich 915 (1993). Defendant showed only that the prosecutor failed to produce a list of exhibits before trial. However, the order did not contain a time for compliance, and the trial court did not abuse its discretion under the facts of this case in ruling that delivery on the first day of trial was adequate compliance.

Finally, the district court did not abuse its discretion in finding that there was probable cause to bind over defendant for trial. *People v Flowers,* 191 Mich App 169; 477 NW2d 473 (1991). The testimony of the victim at the preliminary examination provided probable cause to believe that something of value was taken from the victim by defendant.

Reversed and remanded for entry of a judgment of conviction of unarmed robbery and for resentencing. We do not retain jurisdiction.

G. W. HOOD, J., concurred.

REILLY, J. *(dissenting)*. I respectfully dissent. The victim testified on reexamination that the defendant, when making his getaway, stopped and put his hand in his shirt and said "freeze" or "stop" or "something like that." The victim thought the defendant had a gun; at least he "wasn't going to just assume that [defendant] didn't, so I did stop." A few moments later, after defendant had grabbed two boxes, the victim again took up the chase. When asked why he pursued the defendant if he thought he had a gun, the victim responded "and why—if he's got a gun, why is he running?" I believe, when viewed in a light most favorable to the prosecutor, that there is sufficient objective evidence of the presence of a gun to allow reasonable jurors to determine that defendant was guilty beyond a reasonable doubt of armed robbery. *People v Jolly,* 442 Mich 458; 502 NW2d 177 (1993); *People v DeMeyers,* 183 Mich App 286; 454 NW2d 202 (1990). The credibility of the equivocal testimony of the witness was an issue for the jury. *People v Herbert,* 444 Mich 466; 511 NW2d 654 (1993); *People v Wolfe,* 440 Mich 508, 513-516; 489 NW2d 748 (1992).