## CLARENCE HALL v. THE PEOPLE.

*Larceny from the person—Resistance of accused when arrested—Assignments of error—Weight of testimony—Reasonable doubt.*

In a prosecution for larceny of a watch from a man asleep, there was no fatal error in allowing a witness to testify as to what the sleeper said when he woke up, or what those present said, if the remarks had no tendency to implicate any one.

Evidence of the resistance of the accused when arrested is admissible.

An assignment of error that is not supported by any exception will not be considered.

In a prosecution for larceny from the person, alleged to have been committed in the presence of others, the jury may properly consider the fact that no one saw the accused near the person of the complaining witness.

A jury cannot be instructed what weight to give to testimony.

A charge that the prisoner's guilt must be proved to the exclusion of all reasonable doubt, and that he is entitled to acquittal if the testimony can be reconciled with any rational theory, other than his guilt, is as much as he is entitled to.

It does not change the nature of larceny from the person that the person plundered was asleep.

Error to Superior Court of Grand Rapids. Submitted October 31. Decided November 21.

LARCENY from the person. Respondent was convicted.

*Stuart & Sweet* for plaintiff in error. Larceny from the person means from the care of the person from whom the property is taken, and cannot be committed where he cannot exercise ordinary care over it, *Hamil-*

*ton's Case*, 8 C. & P., 49; *Taylor's Case*, R. & R., 418; 2 Bish. Cr. Law., § 1177.

Attorney General *Otto Kirchner* for the People.

MARSTON, J.    The respondent was convicted of the offense of larceny from the person.    He now claims that the court erred in admitting certain testimony and also in charging the jury, and in refusing to give certain charges as requested.

That the court erred in permitting the witness Fagin to testify what Walsh, the person who had lost the watch, said when he woke up in the saloon, about an hour after the offense had been committed, and in the absence of the respondent.    We find nothing erroneous in the admission of this evidence.    It did not tend to implicate any particular person in the transaction, but showed simply that Walsh claimed some one had his watch, and desired that it be given back to him. The same may be said of the conversation between Fagin and William Walsh, Jr.; it had no tendency whatever to injure the respondent.    The evidence in reference to the resistance made by the respondent at the time of his arrest was admissible, and proper to be considered by the jury.

The seventh assignment of error relates to the instructions given the jury as to the presumption of guilt arising from possession of the stolen property.    No exception was taken to this portion of the charge.    We cannot, therefore, consider it.    The ninth request to charge was properly refused.    While the facts therein referred to were proper to be considered by the jury, yet the court could not instruct them as to the weight which should be given them.*

---

*The ninth request was as follows: "The absence of proof naturally to be expected is a strong argument against the existence of any fact alleged as in this case; the fact alleged is that Clarence Hall went in daylight in the presence of four or five different persons and took a watch from the person of one Walsh; now the very fact that no one saw him near the person of the complainant Walsh is a strong argument against the allegation that the respondent did go near him and take the property from him.    Phillip's Cr. Ev., 38."

The court declined to charge that the guilt of respondent must be proved, to a moral certainty, and that the circumstances proven must be inconsistent with any other theory but that of the absolute guilt of the accused, but did in that connection charge that his guilt must be proved to the exclusion of all reasonable doubt, and that if the testimony could be reconciled with any rational theory other than the guilt of the accused, they should acquit. This was all the respondent was entitled to. The mere fact that the owner of the property may have been asleep at the time the property was taken, would render the crime no less a taking from the person.

As we find no error in the record properly complained of, the judgment must be affirmed.

The other Justices concurred.