PEOPLE v. MINCHELLA.

1. CRIMINAL LAW—EVIDENCE—SELF-SERVING STATEMENTS—FALSITY —ADMISSIBILITY.

Self-serving statements made by or for the accused out of court, explaining suspicious circumstances, may be proved against him, and their falsity may be shown; the fact of their falsity admitting them as indicating an attempt

to explain away incriminating circumstances by falsehoods.

2. SAME—BURGLARY.
   In a prosecution for burglary, a conversation between defendant and the police justice, in which defendant claimed that he could not have been at the scene of the crime at the time charged because he was in Detroit that day and voted, and that he finally admitted to the judge that he was lying, *held*, properly admitted.

3. SAME—ADMISSIBILITY NOT DEPENDENT UPON FALSITY.
   The admissibility of said self-serving statement, *held*, not to depend upon its falsity.

4. SAME—ADMISSIBILITY NOT DEPENDENT UPON DEFENDANT'S TAKING THE STAND.
   The fact that defendant did not take the stand in his own behalf would not make said statement inadmissible.

5. SAME—EVIDENCE—PUBLIC RECORDS—ABSENCE OF RECORD—PAROL TESTIMONY—ADMISSIBILITY.
   Testimony by the sheriff that he had examined the poll lists at the precinct in Detroit where defendant stated he had voted on the day in question, and that the records did not show that defendant had voted as he represented, *held*, not open to the objection that said testimony was inadmissible as parol testimony of the contents of a public record, since the witness did not testify as to the contents of a record but of the want of any record.

6. SAME—EVIDENCE—CIRCUMSTANTIAL EVIDENCE—SUFFICIENCY.
   Although the testimony against defendant was largely circumstantial, it is *held*, sufficient to justify the trial court in refusing to direct a verdict in his favor.

Exceptions before judgment from St. Clair; Tappan (Harvey), J.  Submitted April 13, 1922.  (Docket No. 116.)  Decided June 5, 1922.

Charles Minchella was convicted of burglary.  Affirmed.

*Burt D. Cady,* for appellant.

*Henry R. Baird,* Prosecuting Attorney, for the people.

BIRD, J.    Defendant, a young man 24 years of age, who resided in the city of Detroit, was informed against in St. Clair county for having burglarized the Jeddo elevator on November 2, 1920.    He was not sworn in his own behalf, but was convicted, and the case is here on exceptions before sentence.

1. Complaint is made because the trial court admitted a conversation between defendant and Clair R. Black, police justice of the city of Port Huron.    The conversation was to the effect that, after defendant was arraigned before him, he requested an interview.    In this interview defendant stated that he could not have been at Jeddo at the time charged because he was in Detroit and voted on November 2d, that being presidential election day.    The police justice questioned defendant at some length as to the names on the ballots, the color of the ballots, whether he signed his name, and in what precinct he voted.    Defendant's answers led the police justice to charge him with lying, and he advised him his reasons for so thinking. Defendant finally admitted to the judge that he was lying.    Counsel claims that this conversation was improperly admitted and was very harmful to defendant's case.

The rule regulating the admission of this class of testimony is stated, as follows:

"Self-serving statements made by or for the accused out of court, explaining suspicious circumstances, may be proved against him, and their falsity may then be shown.    The fact of their falsity admits them as indicating an attempt to explain away incriminating circumstances by falsehoods."    12 Cyc. p. 429.

This rule has been applied in many cases in this court.    A good example is the case of *People* v. *Arnold,* 43 Mich. 303 (38 Am. Rep. 182).    In this case the defendant had two trials.    At the first trial he was a witness and upon the second trial his testi-

mony on the first trial was offered and admitted against his objection. The case afterwards came to this court, and in determining it it was said in part:

"It cannot be claimed with any reason that giving in evidence the defendant's statement violates any privilege which the statute confers upon him. He gives evidence in this manner on his own behalf at his option, and is not to be subjected to unfavorable inferences because he withholds it. But when it is in, it is to be treated like any other evidence, and may be contradicted and shown to be false. Defendant has no claim to be protected against the exposure of this falsehood where he indulges in it for his own exculpation. He runs the risk of this exposure when he invents a false defense.

"The peculiarity of this case consists in the defendant's statement being put in on the second trial, not by the defendant himself but by the prosecution. It is not, therefore, evidence in the case except as the prosecution makes it so, and the prosecution puts it in, not that reliance may be placed upon it, but for the very purpose of showing its falsity. It is proved as a declaration of the prisoner that it may be followed by evidence that he has attempted to deceive and mislead by it. And the question is whether from the statement itself, or from the use which was made of it, inferences unfavorable to the prisoner's innocence might rightly be drawn."

There is much more of this opinion and it is very much in point with the question involved here. In the case under consideration it does not consist alone of a self-serving statement of the defendant, but consists of a self-serving statement followed by his subsequent admission that it was not true. This, however, would not, in my judgment, lessen its admissibility. Some of the other cases in which the rule has been applied are *People* v. *Eaton,* 59 Mich. 559, and *People* v. *Hoffmann,* 142 Mich. 531.

Counsel, however, does not find so much fault with the rule as he does with its application under the

circumstances. The fact that defendant did not take the stand counsel insists the prosecution had no right to introduce it as affirmative proof of guilt. The statement of defendant and his subsequent denial were admissible as affirmative proof. The fact that he did not testify in his own behalf would not make the statement inadmissible under the rule laid down in *People* v. *Arnold, supra.* In that case the defendant had two trials. Upon the first trial he testified. Upon the second one he did not, but the court held that his statement upon the first trial was admissible. This authority determines the particular point made by counsel adversely to his contention.

2. The sheriff was permitted to testify that he had examined the poll lists at the precinct in Detroit where defendant stated he had voted on the day in question, and that the records did not show that defendant had voted as he represented. This is complained of on the ground that parol testimony of the contents of a public record is inadmissible. The testimony given by the sheriff does not violate this rule for the reason that he did not testify as to the contents of a record but of the want of any record. This distinction was recognized in *Maxwell* v. *Paine,* 53 Mich. 30.

3. It is insisted the proofs did not make a case for the jury and that the trial court was in error in refusing to control the verdict. It was shown, in substance, that a Cadillac Victoria automobile had been stolen from Dr. Fruend in Detroit. A Cadillac Victoria was seen in the neighborhood of the elevator in question, and opinion evidence was given by witnesses that defendant resembled the driver of the car. Later the car was found in Detroit and in it was found the adding machine which had been stolen from the elevator. It was also shown that the tracks made by the tires of the car were similar to those made by the car at the elevator. One rear tire was new

and the other was old. These and other less important facts were relied upon by the prosecution for conviction. While the testimony was largely circumstantial we think it furnished a basis for the inference drawn by the jury that defendant was the occupant of the car while it was at Jeddo, and that he was the party who broke into the elevator. We do not think the trial court was in error in refusing to control the verdict. Other assignments are argued, but we see no occasion to consider them.

The judgment of conviction is affirmed.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.