PEOPLE *v.* JOHNSON.

1. CRIMINAL LAW—QUANTUM OF EVIDENCE.
   Proof of guilt beyond reasonable doubt requires evidence in the record which negatives every reasonable theory consistent with defendant's innocence.

2. SAME—EXCULPATORY STATEMENTS—EVIDENCE.
   False exculpatory statements made by defendant at scene of crime, while they may show consciousness of guilt, are not substantive evidence of guilt.

3. SAME—BREAKING AND ENTERING IN THE NIGHTTIME—SUFFICIENCY OF EVIDENCE.
   Defendant's presence at scene of crime of breaking and entering in the nighttime, and his suspicious activities, including exculpatory statements, even if false, *held,* not sufficient evidence that crime charged was committed by him (CL 1948, § 750.110).

Appeal from Recorder's Court of Detroit; Gillis (Joseph A.), J. Submitted Division 1 May 11, 1966,

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur, Evidence §§ 1256–1258.
[2] 20 Am Jur, Evidence § 224.
[3] 20 Am Jur, Evidence §§ 1256–1258.
    13 Am Jur 2d, Burglary §§ 45, 50.

at Detroit. (Docket No. 855.) Decided August 5, 1966. Opinion filed September 13, 1966.

Louis Johnson was convicted of breaking and entering in the nighttime. Defendant appeals. Reversed, without new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Carolyn Florescu,* for defendant.

T. G. KAVANAGH, J. The defendant was convicted by the court sitting without a jury of the crime of breaking and entering a building in the nighttime.[1]

The appeal asserts that there was not sufficient evidence as a matter of law to support the conviction.

The evidence against the defendant was slight. He was arrested at the scene of the crime by police officers who were responding to a report of a break-in at a gasoline station. He was apprehended behind a sign in the rear of the gasoline station. The policeman testified that the defendant was in a stooped position when arrested. A screwdriver subsequently identified as having been taken from the station was found on the ground near him. His explanation of his presence at that time and place was variously that he had been drinking and had felt sick to his stomach and had regurgitated and that he had to urinate. No evidence of either action was found by the police officer. No stolen property or tools

---

[1] CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305).

appropriate to the break-in were found in his possession.

The only criminating evidence adduced was the defendant's presence at the scene of the crime and his activities which the police regarded as suspicious. His explanation was that he lived next door to the gasoline station and no evidence was introduced to show he did not. His exculpatory statements, even if regarded as false, while they might show a consciousness of guilt are no substantive evidence of it. See *United States* v. *McConney* (CA 2, 1964), 329 F2d 467.

We find no evidence in the record which supports a conclusion that negatives every reasonable theory consistent with the defendant's innocence. See *People* v. *Spann* (1966), 3 Mich App 444, and the cases cited therein. We perceive this to be the measure of guilt beyond a reasonable doubt since the cases of *Hall* v. *People* (1878), 39 Mich 717; and *People* v. *Millard* (1884), 53 Mich 63.

Reversed, without new trial.

LESINSKI, C. J., and RASHID, J., concurred.