PEOPLE *v.* LUCKEY

PEOPLE *v.* CUMMINGS

WITNESSES — DEFENDANT TESTIFYING — PRIOR CONVICTION OF DEFENDANT—PRESERVING QUESTION FOR REVIEW.

> Allowing the defendants, who had taken the stand in their own defense, to be questioned by their own counsel about their prior convictions was not reversible error where the defendants made no objection to the questions and where the trial court gave an instruction to the jury concerning the limited use of the testimony and no objection was made to the instruction in the trial court (GCR 1963, 516.2).

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J.  Submitted Division 1 September 1, 1970, at Lansing.  (Docket Nos. 8,709, 8,710.)  Decided October 6, 1970.

LeRoy Luckey and Jimmy Cummings were convicted of robbery armed.  Defendants appeal.  Motion to affirm granted.  Leave to appeal denied as to Luckey February 19, 1971.  384 Mich 809.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Armand D. Bove,* for defendants on appeal.

REFERENCES FOR POINTS IN HEADNOTE

53 Am Jur, Trial § 783.

5 Am Jur 2d, Appeal and Error §§ 553, 717.

Before: Quinn, P. J., and McGregor and Bronson, JJ.

Per Curiam. Defendants appeal from their conviction after jury trial on the charge of robbery armed. MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797). They first allege that the trial court erred in permitting their counsel to question them about prior convictions while testifying in their own defense. We note that defendants did not raise this issue in the trial court; in addition, the trial court thoroughly instructed the jury as to the limited purpose for which this testimony could be used. No objection was raised to this instruction. GCR 1963, 516.2.

Defendants also question the sufficiency of the evidence upon which their convictions were based, relying on *People* v. *Johnson* (1966), 4 Mich App 205. A review of the transcript reveals sufficient evidence, if believed by the jury, to support the verdict of guilty.

The questions presented are unsubstantial. The motion to affirm is granted.