PEOPLE v DANDRON

CRIMINAL LAW—EVIDENCE—EXCULPATORY STATEMENTS—ADMISSION OF
EVIDENCE—CIRCUMSTANTIAL EVIDENCE.

Evidence that a defendant's exculpatory statements are false may
be offered by the prosecution, in certain circumstances, as
circumstantial evidence of the defendant's guilt; therefore,
evidence that a defendant's exculpatory statements were false
could be used as probative evidence of guilt where other evi-
dence was offered to establish that the exculpatory statements
were false and where the statements were closely interwoven
with the elements of the charge that the prosecution must
prove.

Appeal from St. Clair, Ernest F. Oppliger, J.
Submitted June 15, 1976, at Detroit. (Docket No.
23737.) Decided August 3, 1976.

David Dandron was convicted of attempted
breaking and entering with intent to commit lar-
ceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Peter E. Deegan,*
Prosecuting Attorney, and *Peter R. George,* Chief
Appellate Counsel, for the people.

*Mark E. Weiss,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence §§ 598, 599, 621.
Right of defendant in criminal case, where state has introduced
incriminating portion of conversation or statements made by him,
to elicit or introduce in evidence his exculpatory statements. 118
ALR 138.

Before: R. M. MAHER, P. J., and D. C. RILEY and R. M. RYAN,* JJ.

D. C. RILEY, J. From a jury verdict of guilty of the charge of attempted breaking and entering with intent to commit larceny, MCLA 750.110; MSA 28.305, MCLA 750.92; MSA 28.287, defendant appeals, arguing that the evidence was insufficient to support the charged offense.

No one could contend that the evidence of guilt is overwhelming. However, our acknowledging that the prosecutor must rely heavily on circumstantial evidence is not a recognition that the case is weak. It is not. A patrolling policeman testified that he sighted two men—appellant and his brother—outside a doctor's office at approximately midnight on a snowy evening. Appellant was crouched, within one foot of a window. His brother, standing next to the window, ran when the officer called out. The brother returned shortly thereafter on his own initiative. The officer stepped forward and discovered that the window was broken and partially raised. An ashtray, later identified as an office ashtray, was found outside resting in the snow.

After receiving *Miranda*[1] warnings, appellant and his brother told the officer that they had taken a short cut that brought them near the doctor's office. They heard a window break and saw two men running away from the rear of the office. Appellant's brother set out after the men, failed to catch them, and returned to the window only to find an officer waiting to question him.

Other officers arrived and testified that they

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

explored the premises and found one set of fresh prints in the snow indicating a person running away from the window and one set of prints indicating a person walking back towards the window. Other footprints were found in the snow, but were characterized as "old," with "no direction of travel because of the age of them", and "snow covered". No other fresh prints were seen. The conclusion drawn by the prosecutor was that the brother had chased no one, but had instead fled when the patrolling officer shouted and then walked back when he realized his brother was in custody.

To summarize, the evidence offered to prove that defendants committed the crime consisted of a broken and raised window, the removed ashtray, defendants' presence and positioning at the window, and the proof indicating the falsity of their explanation of the events. We find this evidence sufficient to support a conviction, for we believe that a reasonable man could conclude that all elements of the crime were established beyond a reasonable doubt. *People v Royal,* 62 Mich App 756, 757–758; 233 NW2d 860 (1975).

Appellant points to *People v Johnson,* 4 Mich App 205; 144 NW2d 646 (1966), as establishing insufficiency as a matter of law. That opinion sets out facts similar to those in the present case. *Johnson* could support a reversal in the present case were we to accept that opinion without analysis. However, one statement in *Johnson* must be carefully scrutinized. The defendant in that case explained that he was present on the scene because of a need to regurgitate and to urinate. No evidence of either action was found. Judge, now Chief Justice, KAVANAGH stated that "His exculpatory statements, even if regarded as false, while

they might show a consciousness of guilt, are no substantive evidence of it". 4 Mich App at 207, citing *United States v McConney,* 329 F2d 467 (CA 2, 1964).

We must qualify that statement. A prosecutor may, in certain instances, offer as circumstantial evidence of guilt evidence that exculpatory statements are false. The *McConney* case, cited in *Johnson,* supports this proposition:

"It is true that *exculpatory statements made to law enforcement officials, when shown to be false,* are circumstantial evidence of guilty consciousness and *have independent probative force."* 329 F2d at 470. (Emphasis supplied.)

The court continued:

"The trouble is that appellant's statement * * * was not shown to be false by other evidence. * * * It would place too much weight on defendant's extra-judicial exculpatory statement to authorize a conviction based almost solely on the fact that part of the statement, not involving the corpus delicti of the crime, was shown to be false. The other evidence of guilt was extremely weak, and we do not think the statement was sufficient independent proof to justify denial of the motion for acquittal." 329 F2d at 470.

Unlike *McConney,* in the present case evidence was offered to establish that the exculpatory statement was false. Unlike *Johnson,* where the actuality of defendant's regurgitation and urination did not relate to an element of the charge, present appellant's statement is closely interwoven with the elements of the charge that the prosecutor must prove. The statement is relevant to the only unanswered question of the case—who broke the window?

After careful study of *McConney* and *Johnson,* we believe that *Johnson* did not establish an inflexible rule that proved-to-be false exculpatory statements are not probative evidence of guilt.[2] In certain cases, including the present, the statements are admissible and may be used as probative evidence of guilt.

We add that substantive use of proved-to-be false exculpatory statements is not a novel idea in this state. As early as *People v Arnold,* 43 Mich 303; 5 NW 385 (1880), we find the roots of this doctrine:

"Defendant has no claim to be protected against the exposure of this falsehood where he indulges in it for his own exculpation. He runs the risk of this exposure when he invents a false defense.

* * *

"It was never doubted that the conduct of a suspected party when charged with a crime may be put in evidence against him when it is such as an innocent man would not be likely to resort to. Thus, it may be shown that he made false statements for the purpose of misleading or warding off suspicion; though these are by no means conclusive of guilt, they may strengthen the inferences arising from other facts.

* * *

"All these attempts to avoid a trial, to evade convic-

---

[2] A case subsequent to *United States v McConney,* 329 F2d 467 (CA 2, 1964), that we find helpful is *United States v Johnson,* 513 F2d 819 (CA 2, 1975). The court there states:

"While false exculpatory statements made to law enforcement officials are circumstantial evidence of a consciousness of guilt and have independent probative force * * * this circuit * * * has held that *falsehoods* told by a defendant in the hope of extricating himself from suspicious circumstances *are insufficient proof on which to convict where other evidence of guilt is weak and the evidence before the court is as hospitable to an interpretation consistent with the defendant's innocence as it is to the Government's theory of guilt."* 513 F2d at 824. (Citations omitted.) (Emphasis supplied.)

We think this approach makes sense. We do not believe that, in the present case, the falsehoods alone are the basis of the conviction, for we do not believe that the other evidence is weak.

tion by frauds upon the law, or to lead suspicion and investigation in some other direction by false or covert suggestions or insinuations, are so unlike the conduct of innocent men that they are justly regarded as giving some evidence of a consciousness of guilt. They do not prove it, but the jury are entitled to consider and weigh them in connection with the more direct evidence.

\* \* \*

"In this case the prosecution were allowed to show that the defendant had deliberately fabricated a false statement which, if true, would have been sufficient for his full exculpation. What conduct could possibly be more suggestive of guilt?" 43 Mich at 304–306.

In *People v Hoffmann,* 142 Mich 531; 105 NW 838 (1905), one finds further support for the admissibility and significance of false exculpatory statements:

"It is common practice, in the trial of criminal cases, to show that the accused has made self-serving explanatory statements concerning the circumstances of the offense with which he is charged and his connection therewith, and that such statements were untrue. Such statements are not, in the ordinary sense in which the word is used, though perhaps strictly so, admissions, nor are they confessions. They are sometimes classed as conduct of the accused.

\* \* \*

"Statements made by an accused person tending to divert suspicion from himself may be proved, and shown to be false. *Com v Devaney,* 182 Mass 33 [64 NE 402 (1902)]; *Com v Starr,* 86 Mass 301 [1862]. In *State v Furgerson,* 162 Mo 668, 678 [63 SW 101 (1901)], it is said:

" 'Any and all statements shown to have been made by defendant tending to show his connection with the homicide were admissible, however inconsistent they may have been, and regardless of any tendency that they may have had to discredit him as a witness before the jury. Such evidence was not introduced for the purpose of impeaching or discrediting defendant as a

witness, but was for the direct purpose of showing that he committed the crime.' " 142 Mich 571–572.

Finally, in *People v Minchella,* 218 Mich 517; 188 NW 343 (1922), our Supreme Court reviewed a burglary conviction that was based on "largely circumstantial" evidence. 218 Mich at 522. Important to the Court's affirmance of the conviction was the proof that defendant's exculpatory statement was false. 218 Mich at 519–521. See also *People v Cowell,* 44 Mich App 623, 625–626; 205 NW2d 600 (1973).

In sum, we believe that the prosecutor established that defendants were the guilty parties. The sole exculpatory inferential chain relied upon by defendants—that other persons broke the window and one defendant chased after them—is proven false by the officers' testimony concerning the footprints. The prosecutor has rebutted the theory of innocence first offered by the defendants and relied upon at trial. *Cf., People v Spann,* 3 Mich App 444; 142 NW2d 887 (1966).

Appellant's claim that the requisite intent was not proven is answered by reference to *People v Palmer,* 42 Mich App 549; 202 NW2d 536 (1972). The "minimal circumstantial evidence" sufficient to sustain the conclusion of the requisite intent is established by a number of facts: the breaking and entering was attempted at night, compare 42 Mich App at 552; the building was a doctor's office, presumably containing items of value, compare 42 Mich App at 552; the defendants had no apparent reason to attempt to enter the building, compare 42 Mich App at 552; and an office ashtray was in fact removed from the office.

Appellant's final argument is without merit. He did not claim below that the closing instructions

were ambiguous and we find no indication that the jury considered an improper offense.

Affirmed.