PEOPLE v WOLFORD

Docket No. 118146. Submitted January 16, 1991, at Grand Rapids. Decided May 21, 1991, at 9:20 A.M. Leave to appeal sought.

William Wolford was convicted by a jury in the Kalamazoo Circuit Court of burning a dwelling house. He subsequently pleaded guilty of being an habitual offender, second offense, and the court, Richard Ryan Lamb, J., sentenced him to eighteen to thirty years' imprisonment. The defendant appealed, claiming that the evidence was insufficient to support the verdict, that the trial court erred in instructing the jury that a false statement made by him to the police could be used as evidence of guilt, and that he was denied a fair trial by the prosecution's failure to produce at trial a person listed on its witness list.

The Court of Appeals *held*:

1. There was sufficient evidence from which a rational trier of fact could have found that the essential elements of the offense of burning a dwelling house were proven beyond a reasonable doubt and that the defendant was responsible for setting the fire.

2. The trial court did not err in instructing the jury that it could consider the defendant's false statement to the police as evidence of guilt. The statement was not the sole basis for the defendant's conviction, and if believed, would tend to lead suspicion and investigation in another direction.

3. The trial court did not clearly err in finding that the prosecution had exercised due diligence in connection with its unsuccessful attempt to produce its missing witness.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — FALSE EXCULPATORY STATEMENTS.

Evidence that a defendant's exculpatory statements to the police are false properly may be considered as evidence of guilt where the statements, if believed, tend to lead suspicion and investigation in another direction and there is other evidence which supports a finding of guilt.

REFERENCES

Am Jur 2d, Criminal Law §§ 774, 1010; Evidence § 611.
See the Index to Annotations under Confessions and Admissions; Exculpatory Evidence; Disclosure; Prosecuting Attorneys.

2. PROSECUTING ATTORNEYS — PRODUCTION OF WITNESSES — DUE
     DILIGENCE.
     The prosecution must exercise due diligence in attempting to
     produce witnesses named on its list of witnesses unless produc-
     tion is excused by the court for good cause or by stipulation of
     the parties (MCL 767.40a; MSA 28.980[1]).

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *James J. Gregart,* Prose-
cuting Attorney, and *Anne M. McCarthy,* Assis-
tant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ronald J. Bretz*),
for the defendant on appeal.

Before: DOCTOROFF, P.J., and MAHER and CAV-
ANAGH, JJ.

PER CURIAM. Defendant was convicted by a jury
of burning a dwelling house, MCL 750.72; MSA
28.267, and he subsequently pleaded guilty of be-
ing an habitual offender, second offense, MCL
769.10; MSA 28.1082. He was sentenced to a prison
term of eighteen to thirty years. He appeals as of
right, claiming that the evidence was insufficient
to support the jury's verdict, that the trial court
erred in instructing the jury that a false statement
he made could be used as evidence of guilt, and
that he was denied a fair trial by the prosecutor's
failure to produce an endorsed witness. We affirm.

Defendant first claims that the evidence was
insufficient to support the arson conviction. Specifi-
cally, he argues that the prosecutor failed to ne-
gate the possibility that the fire was caused by
accidental means and that the prosecutor failed to
prove he was responsible for the fire.

When reviewing an issue of the sufficiency of the
evidence, this Court views the evidence in a light
most favorable to the prosecution and determines

whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den 449 US 885 (1980). The evidence is sufficient if the prosecution proves its theory beyond a reasonable doubt in the face of whatever contradictory evidence the defendant may provide. *People v Daniels,* 163 Mich App 703, 707; 415 NW2d 282 (1987), and cases cited therein. The prosecutor is not required to present direct evidence linking the defendant to the crime. Circumstantial evidence and reasonable inferences arising from the evidence may constitute satisfactory proof of the elements of the offense. *People v Drayton,* 168 Mich App 174, 176; 423 NW2d 606 (1988); *People v Richardson,* 139 Mich App 622, 625; 362 NW2d 853 (1984). Intent may be inferred from all the facts and circumstances. *People v Safiedine,* 163 Mich App 25, 29; 414 NW2d 143 (1987).

We have thoroughly reviewed the record and find that there was sufficient evidence from which a rational trier of fact could have found that the essential elements of burning a dwelling house were proven beyond a reasonable doubt. The prosecutor presented sufficient evidence concerning the incendiary origin of the fire. Tests performed on a carpet sample revealed the presence of an accelerant. The State Police fire investigator, on the basis of his investigation and interviews with witnesses, opined that the fire was intentionally set. The investigator gave a detailed explanation of how he arrived at his opinion, including that there was evidence of extreme low burning, which indicates that a flammable liquid was poured in the area, and that witnesses saw a lot of fire within ten or fifteen minutes after someone left the trailer.

The prosecutor presented sufficient evidence that

defendant was responsible for the fire. There was testimony that defendant was seen outside the trailer approximately ten minutes before witnesses saw flames coming from the trailer. One witness testified that defendant was driving out of the trailer park when he stopped and asked if the witness had seen William Cordray, a co-owner of the trailer that burned. When the witness said no, defendant said, "Well, if you see him, tell him that his trailer's on fire," and asked the witness to call the fire department. Defendant claimed that he called the fire department from a pay phone at a restaurant located 1.2 miles away from the trailer. However, according to the records of calls made to 911 on the night of the fire, no call was made from that pay phone. Furthermore, defendant's sister, a co-owner of the burned trailer, testified that the day after the fire defendant stated, in a joking manner, that he had burned her trailer. Thus, the prosecutor's evidence showed more than that defendant had the opportunity to commit arson. Viewing the evidence in a light most favorable to the prosecutor, a rational trier of fact could find that defendant, acting wilfully or maliciously, intentionally set the trailer on fire.

Defendant's second claim is that the trial court erred in instructing the jury that a false statement made by defendant could be used as evidence of guilt.

Jury instructions are reviewed as a whole rather than extracted piecemeal to establish error. *People v Watkins,* 178 Mich 439, 450; 444 NW2d 201 (1989), lv gtd on other grounds 435 Mich 867 (1990). Even if somewhat imperfect, there is no error if the instructions fairly presented the issues to be tried and sufficiently protected the defendant's rights. *Id.*

The trial court did not err in instructing the

jury that it could consider defendant's false statement to the police as evidence of guilt. The statement, if believed, tends to lead suspicion and investigation in another direction. *People v Dandron,* 70 Mich App 439, 443-444; 245 NW2d 782 (1976), quoting *People v Arnold,* 43 Mich 303, 304-306; 5 NW 405 (1880). We also reject defendant's assertion that the instruction was erroneously given because other evidence of guilt was weak. The false statement by defendant that he called 911 from the restaurant was not the sole basis for conviction. See *Dandron, supra,* p 443, n 2.

Defendant's third claim is that he was denied a fair trial by the prosecutor's failure to produce an endorsed witness.

The prosecutor listed William Cordray, co-owner of the trailer that burned, on the list of witnesses attached to the information and on the list of witnesses the prosecutor intended to produce at trial. A subpoena was served on Cordray in accordance with MCR 2.506(G)(2). Cordray contacted the prosecutor's office after he received the subpoena. Cordray's signed return was received in the prosecutor's office on February 6, 1989. Trial commenced on February 14, 1989. Cordray did not appear. When Cordray did not appear on the second day of trial, the prosecutor petitioned the court for a bench warrant. The petition was granted and the bench warrant was conveyed to the police that afternoon. Cordray did not appear and had not been located before the prosecutor rested his case on February 16, 1989.

Defendant objected to the prosecutor's failure to produce Cordray. The trial court, after inquiring into the prosecutor's efforts to locate Cordray and hearing testimony from Cordray's ex-wife concerning his whereabouts, ruled that the prosecutor had exercised due diligence in attempting to produce

Cordray and that the failure to produce him was excused.

Before its amendment in 1986, MCL 767.40; MSA 28.980, required that the prosecutor endorse and produce all res gestae witnesses. *People v Baskin,* 145 Mich App 526, 530-531; 378 NW2d 535 (1985). The amendment to the statute deleted the requirement that the prosecutor endorse and produce all res gestae witnesses. *People v O'Quinn,* 185 Mich App 40, 44; 460 NW2d 264 (1990); *People v DeMeyers,* 183 Mich App 286, 291; 454 NW2d 202 (1990).

The amended statute provides, in relevant part:

(1) The prosecuting attorney shall attach to the filed information a list of all witnesses known to the prosecuting attorney who might be called at trial and all res gestae witnesses known to the prosecuting attorney or investigating law enforcement officers.

\* \* \*

(3) Not less than 30 days before the trial, the prosecuting attorney shall send to the defendant or his or her attorney a list of the witnesses the prosecuting attorney intends to produce at trial.

(4) The prosecuting attorney may add or delete from the list of witnesses he or she intends to call at trial at any time upon leave of the court and for good cause shown or by stipulation of the parties. [MCL 767.40a; MSA 28.980(1).]

Before the amendment, the general rule was that the prosecutor was required to produce a witness who was endorsed by the prosecutor on the information, whether or not the witness was a res gestae witness. *People v Cummings,* 171 Mich App 577, 584-585; 430 NW2d 790 (1988). We believe that, under the amended statute, the general rule should be applied to witnesses listed on the

prosecutor's witness list filed pursuant to MCL 767.40a(3); MSA 28.980(1)(3). See *People v Jackson,* 178 Mich App 62, 65; 443 NW2d 423 (1989).

Defendant argues that the trial court erred in finding that the prosecutor exercised due diligence to produce Cordray. A trial court's determination of due diligence is a factual matter and the court's findings will not be reversed unless clearly erroneous. *People v Gunnett,* 182 Mich App 61, 67; 451 NW2d 863 (1990). There is some question regarding whether the prosecutor's duty to exercise due diligence to identify and produce res gestae witnesses survived amendment of the statute. See and compare *DeMeyers, supra,* with *People v Calhoun,* 178 Mich App 517, 522; 444 NW2d 232 (1989).

Unless the prosecutor seeks to delete a witness from his witness list as provided in MCL 767.40a(4); MSA 28.980(1)(4), we hold that the prosecutor is obliged to exercise due diligence to produce the witness. Having reviewed the record on this issue, we conclude that the trial court's finding that the prosecutor exercised due diligence was not clearly erroneous.

Affirmed.