# Court of Appeals, State of Michigan

## ORDER

People of MI v Paul Audre Holt

Docket No.    316419

LC No.    12-020099-FH

Christopher M. Murray
Presiding Judge

Pat M. Donofrio

Stephen L. Borrello
Judges

The Court orders that the motion for reconsideration is GRANTED, and this Court's opinion issued September 16, 2014 is hereby VACATED. A new opinion is attached to this order.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

OCT 28 2014
Date

Chief Clerk

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PAUL AUDRE HOLT,

        Defendant-Appellant.

UNPUBLISHED
October 28, 2014

No. 316419
Eaton Circuit Court
LC No. 12-020099-FH

ON RECONSIDERATION

Before: MURRAY, P.J., and DONOFRIO and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of third-degree domestic assault, MCL 750.81(4). The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to two to four years in prison. We affirm.

## I. BACKGROUND

The charge against defendant resulted from allegations that defendant assaulted his girlfriend Marie McMillan, with whom he had a child. At a pretrial conference defendant indicated that he would demand that McMillan appear at trial. The prosecution indicated that it had not been able to serve McMillan but noted that it had filed notice that it intended to introduce McMillan's statements under MCL 768.27c.

On the morning of the first day of trial defendant moved to dismiss the case on the ground that McMillan was unavailable, and that her absence violated defendant's constitutional right to confront the witness. Plaintiff moved in limine to strike McMillan as a witness and to preclude use of a missing witness instruction. The prosecutor outlined the actions taken to locate McMillan. The trial court decided to (1) read the victim's name to the jury as a witness and resolve the issue of the missing witness instruction prior to instructing the jury, and (2) deny defendant's motion to dismiss, finding that the charge could be proven by circumstantial evidence.

The evidence at trial showed that law enforcement officers responded to a home and found McMillan with injuries that were consistent with her having been severely beaten. Defendant had no observable injuries. Although defendant maintained that he and McMillan had

been involved in a bar fight, his uncle testified that defendant inflicted the injuries on McMillan.[1] A police officer testified that in 2008 he responded to another address and met with McMillan, who had welts and abrasions. The officer learned that defendant resided at another address and went to that address to attempt to take defendant into custody, but defendant could not be located.

Prior to instructing the jury, the trial court found that the prosecution had acted with due diligence in attempting to locate McMillan, and that it would not read the missing witness instruction. In addition, the trial court took judicial notice of a judgment from the Ingham Circuit Court establishing defendant's paternity of McMillan's child. Defendant was then convicted.

## II. ANALYSIS

Defendant first argues that the trial court abused its discretion and erred in finding that the prosecution exercised due diligence in attempting to produce McMillan for trial and, as a result, the trial court should have given the missing witness instruction.

We review for an abuse of discretion the trial court's determination that the prosecution exercised due diligence in attempting to locate a witness. *People v Bean*, 457 Mich 677, 684; 580 NW2d 390 (1998). A trial court abuses its discretion when it chooses a result that is outside the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). A trial court's findings of fact on this issue will not be reversed unless it is clearly erroneous. *People v Wolford*, 189 Mich App 478, 484; 473 NW2d 767 (1991).

The prosecution has a duty to inform the defense of the witnesses it intends to call at trial. MCL 767.40a(1) and (3). The prosecution "may add or delete from the list of witnesses [it] intends to call at trial at any time upon leave of the court and for good cause shown or by stipulation of the parties." MCL 767.40a(4). If a witness is endorsed under MCL 767.40a(3) the prosecution must make a good faith effort to produce the witness. *People v Eccles*, 260 Mich App 379, 388; 677 NW2d 76 (2004). If the prosecution fails to produce an endorsed witness it may show that the witness could not be produced notwithstanding the exercise of due diligence. *Id*. In the event the prosecution fails to show due diligence, the trial court should instruct the jury that it may infer that the testimony of the missing witness would have been unfavorable to the prosecution. *Id*. Whether the prosecution has exercised due diligence depends on the facts and circumstances of the particular case. *Bean*, 457 Mich at 684.

The record supports the trial court's finding that the prosecution utilized due diligence in seeking to locate McMillan. The prosecution attempted to locate McMillan from the period before the preliminary examination to the start of trial by making telephone calls to any number that could be found and visiting any address that could be located, attempting to locate McMillan through online searches on Lexis and Accurate, reviewing child support cases and contacting

---

[1] The uncle's testimony was inconsistent as to whether he saw or only heard the alleged altercation.

McMillan's caseworker for information as to McMillan's whereabouts, designating a prosecution staff member to search for McMillan, reviewing McMillan's juvenile cases and locating her parents' information, contacting the Ingham County Prosecutor's Office, looking in local area shelters and jails, searching obituaries, searching on social media websites, and obtaining assistance from a federal fugitive team.

Defendant asserts that the prosecution should have followed up with an investigation with McMillan's parents, but nothing on the record demonstrates that the information obtained was current. Defendant also asserts that the prosecution should have followed up on McMillan's children's school records, but the prosecutor noted that this method had failed in the past because schools refused to release information to non-parents, and in any event McMillan's parental rights had been terminated. The prosecution was not required to do everything possible, but only to do everything reasonable, in its attempt to locate McMillan and produce her for trial. *Eccles*, 260 Mich App at 391. The prosecution clearly did so, and the trial court did not abuse its discretion by finding that the prosecution exercised due diligence and declining to give the missing witness instruction.

The prosecution gave pre-trial notice that under MCL 786.27b it intended to offer evidence that defendant committed "other acts of domestic violence" and introduced evidence at trial through an officer's testimony that he attempted to arrest defendant for a previous domestic assault involving McMillan. The prosecution offered no other evidence to suggest that defendant was guilty of this previous assault, defense counsel failed to object, and the trial court did not intercede. As a result, defendant argues that the trial court erred in allowing this testimony or, in the alternative, trial counsel was ineffective for failing to object.

We review for an abuse of discretion a trial court's decision to admit evidence. *People v Cameron*, 291 Mich App 599, 608; 806 NW2d 371 (2011). "[A] trial court's decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *Id*. However, because defendant failed to preserve this issue review is for plain error. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999).

To establish ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Counsel must have made errors so serious that he was not performing as the "counsel" guaranteed by the federal and state constitutions. US Const, Am VI; Const 1963, art 1, § 20; *People v Carbin*, 463 Mich 590-600, 599; 623 NW2d 884 (2001). Counsel's deficient performance must have resulted in prejudice. To demonstrate prejudice a defendant must show a reasonable probability that, but for counsel's error, the result of the proceedings would have been different, *id*. at 600, and that the result that did occur was fundamentally unfair or unreliable, *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007). Counsel is presumed to have afforded effective assistance, and the defendant bears the burden of proving otherwise. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999).

Defendant did not move for a new trial or an evidentiary hearing on the issue of ineffective assistance of counsel. Our review is therefore limited to mistakes apparent on the record. *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000).

-3-

MCL 768.27b(1) provides that "[e]xcept as provided in subsection (4), in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403." MRE 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

We conclude that the trial court did not abuse its discretion when it ruled that evidence of an earlier act of domestic violence by defendant against McMillan was admissible through the officer's testimony. Evidence of a similar incident involving defendant and McMillan was highly probative because it showed a similar act of domestic violence, that McMillan and defendant had been in a relationship for at least five years, lived together, and served to corroborate that they had at least one child in common. This evidence may be considered to show defendant's propensity for domestic violence as expressly allowed for under the statute in contrast to the general rule. MCL 768.27b. This evidence was also not substantially outweighed by the danger of unfair prejudice.[2]

Counsel did not render ineffective assistance by failing to object to this evidence because the evidence was admissible. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (counsel is not required to make a meritless objection).

Affirmed.

/s/ Christopher M. Murray
/s/ Pat M. Donofrio
/s/ Stephen L. Borrello

---

[2] Defendant also argues that the trial court did not find that the prior act of domestic violence was proven by a preponderance of the evidence, citing *People v VanderVliet*, 444 Mich 52, 68; 508 NW2d 114 (1993). His argument fails for two reasons. First, *VanderVliet* involved MRE 404b, while this case involves a more lenient statutory provision allowing admissions of propensity evidence, MCL 768.27b. The evidence of the 2008 incident was sufficient to meet the statutory requirements. Second, trial counsel made the reasonable strategic decision to not dispute that defendant was convicted of domestic violence in 2008, thus alleviating the prosecution of having to submit the judgment of conviction which would have only highlighted the fact of the conviction. Additionally, in his closing defense counsel argued that although defendant may have "fessed up" to the 2008 domestic violence, he did not do so for the current charge. Thus, defense counsel attempted to use the 2008 conviction strategically relative to the instant charge.