# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RICKIE BROWN,

Defendant-Appellant.

UNPUBLISHED
April 23, 2015

No. 318914
Berrien Circuit Court
LC No. 2012-005328-FC

Before: METER, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Defendant Rickie Brown was convicted by a jury of two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(f) (causing personal injury); and one count of third-degree criminal sexual conduct, MCL 750.520d(1)(a) (victim between 13 and 16 years of age). Defendant was sentenced to 450 months to 60 years' imprisonment for each of the first-degree criminal sexual conduct convictions, and 160 months to 15 years' imprisonment for the third-degree criminal sexual conduct conviction. He appeals as of right. We affirm.

Defendant argues that a recorded conversation between himself and a fellow inmate was obtained in violation of his Fifth and Sixth Amendment rights to counsel. Because this issue was not preserved in the trial court, we review for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Even if we were to conclude that defendant's Fifth or Sixth Amendment rights had been violated, there was overwhelming evidence of defendant's guilt, including the victim's testimony, the results of the sexual-assault examination, and DNA evidence. Therefore, defendant fails to establish that his substantial rights were affected and that an "actually innocent defendant" was convicted. *Carines*, 460 Mich at 763. That is, there is no plain error presented.

Next, defendant argues that the trial court erred in finding that the prosecutor exercised due diligence in its attempts to secure defense witnesses for trial. We review the trial court's decision for an abuse of discretion. *People v Eccles*, 260 Mich App 379, 389; 677 NW2d 76 (2004).

A prosecutor no longer has a duty to discover and produce all res gestae witnesses. *People v Perez*, 469 Mich 415, 419; 670 NW2d 655 (2003); MCL 767.40a. Rather, upon request, the prosecutor must provide "reasonable assistance" to the defendant to secure defense

-1-

witnesses for trial. *People v Koonce*, 466 Mich 515, 521; 648 NW2d 153 (2002); MCL 767.40a(5). If the prosecutor endorses a witness under MCL 767.40a(3), then the prosecutor must exercise due diligence to produce the witness. *People v Wolford*, 189 Mich App 478, 483-484; 473 NW2d 767 (1991).

"Due diligence" has been defined as attempting to do "everything reasonable, not everything possible" to produce a witness. *People v Cummings*, 171 Mich App 577, 585; 430 NW2d 790 (1988) (citation and quotation omitted). "Reasonable assistance" has been applied as a lesser standard. See *People v Long*, 246 Mich App 582, 586; 633 NW2d 843 (2001).

Defendant argues that the prosecutor failed to exercise due diligence with respect to two witnesses, Tony Holmes and Tony Powell. With respect to Holmes, he was listed as a witness whom the prosecutor intended to call pursuant to MCL 767.40a(3). Thus, defendant correctly asserts that the due-diligence standard should be applied. See *Wolford*, 189 Mich App at 483-484. However, with respect to Powell, he was solely a defense witness, whom defendant asked for help finding. Thus, the prosecutor only needed to provide reasonable assistance to locate Powell. See *Koonce*, 466 Mich at 521.

Several attempts were made to locate Holmes in this case. Police officers attempted to contact Holmes at his house at least 10 times, with no success. Officers also telephoned Holmes and spoke with his neighbors, but his whereabouts were unknown. Similarly, with Powell, officers attempted to contact him at the address listed on the subpoena, but they were unsuccessful. They also checked police files and the white pages to find a different telephone number or address. On another attempt to contact Powell at the listed address, officers spoke with Powell's grandmother who advised them that she did not know where he was. It was later learned that Powell had outstanding arrest warrants and appeared to be evading arrest. The fact that the prosecutor and detectives started searching for these witnesses a couple weeks before trial does not make their efforts insufficient in this case. The record indicates that all available leads were pursued and that earlier efforts would not likely have been of any avail. See *People v Bean*, 457 Mich 677, 687-689; 580 NW2d 390 (1998). Therefore, we find that the trial court did not abuse its discretion in finding that the attempts to locate these witnesses were sufficient.[1]

Defendant also argues that the trial court abused its discretion in failing to give the standard missing-witness jury instruction.[2] This jury instruction is appropriate when the prosecutor fails to secure the presence of a listed witness at trial or when the prosecutor falls

---

[1] We note that the trial court erroneously applied the reasonable-assistance standard to both witnesses, rather than applying the due-diligence standard to Holmes. However, because we find that the prosecutor's attempts to locate the witnesses were adequate, we "will not reverse the trial court's decision where it reached the right result for a wrong reason." *People v Mayhew*, 236 Mich App 112, 118 n 2; 600 NW2d 370 (1999).

[2] "_____ is a missing witness whose appearance was the responsibility of the prosecution. You may infer that this witness's testimony would have been unfavorable to the prosecutor's case." CJI2d 5.12.

short of providing reasonable assistance to secure defense witnesses. *Perez*, 469 Mich at 420. Because we find no abuse of discretion in the trial court's finding of reasonable assistance, we also find that the trial court did not abuse its discretion by deciding not to provide the missing-witness jury instruction. See *People v Steele*, 283 Mich App 472, 485; 769 NW2d 256 (2009).

Defendant also filed a Standard 4 brief. In his Standard 4 brief, defendant raises three issues.

Defendant contends that the prosecutor committed misconduct by placing the victim on the witness stand with a teddy bear; by referring to the victim's younger sister as a potential victim during closing arguments; and by arguing facts not in evidence, specifically that the victim had mental issues and took medication for her mood swings. Defendant waived any argument with respect to the victim's teddy bear, however, when defense counsel affirmatively stated on the record that he had no objection to the victim bringing a teddy bear on the witness stand. *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000). Defendant's other arguments of prosecutorial misconduct are not supported by any citation to the lower court record; therefore, we need not consider these claims. *People v Petri*, 279 Mich App 407, 413; 760 NW2d 882 (2008). Regardless, we have reviewed the lower court record and find no error. Because defendant fails to establish prosecutorial misconduct, defendant's argument that the cumulative effect of the prosecutor's conduct constituted error warranting reversal is also without merit. See *People v Dobek*, 274 Mich App 58, 106; 732 NW2d 546 (2007).

Next, defendant argues that he was denied the effective assistance of counsel. Because no *Ginther*[3] hearing was held, this Court's review is limited to mistakes apparent on the lower court record. *People v Fike*, 228 Mich App 178, 181; 577 NW2d 903 (1998).

For a claim of ineffective assistance of counsel, a defendant bears a heavy burden to establish that (1) counsel's performance fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial would have been different. *People v Swain*, 288 Mich App 609, 643; 794 NW2d 92 (2010). Counsel's performance should be evaluated from his or her perspective at the time of the alleged error, *People v Grant*, 470 Mich 477, 487; 684 NW2d 686 (2004), and a defendant must overcome a strong presumption that counsel's performance was sound trial strategy, *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000).

Defendant argues that counsel was ineffective for failing to object to the alleged instances of prosecutorial misconduct. Because we find that the prosecutor did not commit error, we also find that counsel was not ineffective for failing to object. *People v Matuszak*, 263 Mich App 42, 58; 687 NW2d 342 (2004) (finding counsel not ineffective for failing to make meritless objections).

Defendant next argues that counsel was ineffective for failing to discredit the victim with previous statements she made during defendant's preliminary examination that would have

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-3-

refuted her testimony at trial. Defense counsel's questioning of witnesses is presumed to be a matter of trial strategy. *Petri*, 279 Mich App at 413. Defendant fails to overcome this presumption, *Toma*, 462 Mich at 302, and also fails to point to any testimony in the lower court record from either the preliminary examination or trial to support this claim, see MCR 7.212(C)(7). Thus, defendant has not established ineffective assistance of counsel in this regard.

Defendant also argues that counsel was ineffective for failing to move for the victim's psychological records to discredit her testimony. Nothing in the record establishes that evidence of the victim's psychological records would have revealed information benefitting defendant. See *People v Caballero*, 184 Mich App 636, 640; 459 NW2d 80 (1990). Because defendant fails to establish a basis that anything in these records would be helpful to the defense, counsel was not ineffective for failing to obtain them.

Defendant next argues that counsel was ineffective for failing to call a particular defense expert witness to rebut the testimony of the prosecutor's expert witness. Decisions regarding what witnesses to call are presumed to be matters of trial strategy. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). Defense counsel indicated that the defense expert's opinion was the same as the prosecution's expert, so it was not favorable to the defense. Thus, counsel was not ineffective because his decision appeared to be sound trial strategy. *Toma*, 462 Mich at 302.

Defendant provides three additional claims of ineffective assistance of counsel but fails to provide any basis or supporting authority for his argument. Therefore, these arguments are abandoned. *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Regardless, we have considered his arguments and find them to be without merit.

Lastly, defendant argues that the trial court erred in denying defense counsel's motion to withdraw as counsel. We review the trial court's decision for an abuse of discretion. *People v Traylor*, 245 Mich App 460, 461; 628 NW2d 120 (2001).

In this case, there did not appear to be a bona fide dispute between defense counsel and defendant. *People v Echavarria*, 233 Mich App 356, 369; 592 NW2d 737 (1999). Defendant wanted defense counsel to produce character witnesses at trial, which defense counsel indicated he would not do. Defense counsel explained to defendant that calling character witnesses could damage his defense, but defendant was persistent in wanting his character witnesses to testify. "Counsel's decisions about defense strategy, including what evidence to present and what arguments to make, are matters of trial strategy, and disagreements with regard to trial strategy or professional judgment do not warrant appointment of substitute counsel." *People v Strickland*, 293 Mich App 393, 398; 810 NW2d 660 (2011). Therefore, the trial court did not abuse its discretion in denying counsel's motion to withdraw.

Affirmed.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Mark T. Boonstra

-4-